■ The People of the State of New York, Appellant, v Charles Hardison, Respondent.—Order, Supreme Court, New York County (Joan Sudolnik, J.), entered on or about February 8, 1991, which dismissed the indictment charging the defendant with two counts of robbery in the second degree and two counts of criminal possession of stolen property in the

fourth degree, unanimously reversed, on the law, the indictment is reinstated and the matter is remitted to the Supreme Court for further proceedings.

The defendant and a co-defendant, Raheem Clark, were indicted for the crimes of robbery in the second degree (two counts) and criminal possession of stolen property in the fourth degree (two counts) stemming from the theft of the victim's wallet on a Manhattan street on July 27, 1990. The defendant thereafter moved to dismiss the indictment based on errors purportedly committed by the prosecutor in the presentation of this matter to the grand jury.

The Supreme Court granted the motion after concluding that a combination of errors impaired the integrity of the grand jury and prejudiced the defendant. We disagree.

The Supreme Court cited three errors in support of its determination that the integrity of the grand jury was impaired. The first occurred after the defendant testified that he was innocent of a felony to which he had previously pleaded guilty. The prosecutor then asked "were you innocent in that case the same as you are innocent in this case?" As the Supreme Court noted, this isolated error did not impair the integrity of the grand jury. The prosecutor's questioning of the defendant was otherwise restrained and within the proper bounds of cross examination.

The court also agreed with the defendant's contention that after questioning him concerning his prior convictions and bad acts, the prosecutor erred in failing to instruct the jury as to the limited purpose of such evidence. While " 'proof * * * of prior convictions is received only on credibility and the instructions to the jury must carefully delineate the distinction' " (People v Thompson, 116 AD2d 377, 381, quoting Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.40, at 545), the failure to provide such instructions does not warrant the dismissal of the indictment in the absence of prejudice to the defendant (supra, at 382).

Contrary to the conclusion reached by the Supreme Court, we find that the totality of the proof against the defendant was overwhelming (People v Thompson, supra) and that he was not prejudiced by the failure to provide such instructions. The testimony of the complainant and responding police officers before the grand jury provided a detailed account of the robbery and the roles played by the defendant and his co-defendant. It was only after the defendant proclaimed his innocence of a felony to which he had pleaded guilty that the

prosecutor questioned him as to the nature of the offense and only after he volunteered that he neither sold nor used drugs that the prosecutor elicited the defendant's admissions that his prior misdemeanor convictions were for possession of narcotics. Moreover, the crimes for which the defendant was previously convicted were unrelated to the crimes charged in the instant indictment. Accordingly, the failure to provide the jury with instructions concerning the limited use of prior convictions does not mandate the dismissal of the indictment, although the giving of such instructions is undoubtedly the better procedure.

The Supreme Court found further error with the testimony of one of the officers, concluding that such testimony constituted impermissible bolstering and hearsay. However, the testimony of the officer was properly elicited to rebut the defense evidence *(People v Schwartzman,* 24 NY2d 241, *mot to amend remittitur granted* 24 NY2d 914, *cert denied* 396 US 846; *People v Beavers,* 127 AD2d 138, *lv denied* 70 NY2d 642). Nor did the prosecutor inject her own personal beliefs into the proceedings as the defendant alleges.

Since the defendant has failed to meet the "very precise and very high" standard for establishing impairment of the grand jury process *(People v Darby,* 75 NY2d 449, 455; CPL 210.35 [5]), the Supreme Court erred in granting the "exceptional" remedy of dismissing the indictment *(supra,* at 455). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.