*416 OPINION OF THE COURT
Gerald Sheindlin, J.
The defendant was indicted for criminal possession of a controlled substance in the second degree, Penal Law § 220.18 (1). At a hearing held immediately prior to jury selection, the prosecution sought permission to introduce evidence of the defendant’s prior conviction for criminal sale of a controlled substance in the third degree in its direct case to prove the defendant knew the weight of the drugs possessed. This written decision supplements the oral decision previously rendered granting the prosecution’s application.
FINDINGS OF FACT
On April 26, 1993, Sergeant James Glenn and Police Officer Ruben Velasquez responded to 751 Walton Avenue in Bronx County pursuant to an unrelated investigation. The arresting officers observed the defendant throw a brown paper bag containing 608 vials of cocaine in the lobby of the location. Additional cocaine was recovered from his person. The laboratory report indicated that the drugs weighed two ounces plus seven-eighths grains. The defendant was indicted for an aggregate weight count, Penal Law § 220.18 (1), based on the combined weight of the drugs recovered. The prosecution sought to introduce in its direct case evidence of an uncharged crime to prove the defendant knew the weight of the drugs allegedly possessed. The prosecutor’s offer of proof indicated that the defendant had sold vials of cocaine to an individual in exchange for a sum of United States currency and had pleaded guilty to criminal sale of a controlled substance in the third degree.
CONCLUSIONS OF LAW
"A person is guilty of criminal possession of a controlled substance in the second degree when he knowingly and unlawfully possesses * * * one or more preparations, compounds, mixtures or substances of an aggregate weight of two ounces or more containing a narcotic drug.” (Penal Law § 220.18 [1].) The word "knowingly” now requires the prosecution to establish, as an element of the charge, that the defendant knew the weight of the drug possessed. (People v Ryan, 82 NY2d 497, *417 502 [1993].) The Court in Ryan suggested various methods by which the People may establish knowledge of weight, to wit: evidence of negotiations concerning weight, potency or price or, for charges based on an aggregate weight theory, evidence of the defendant’s handling of the material. (Supra, at 505.)[1] The suggestions were merely illustrative and not exhaustive. (Supra, at 506.) Therefore, other methods of proof are available. Accordingly, the prosecution may prove the defendant’s knowledge of the weight of the drug possessed by establishing that the defendant had prior experience with narcotics. (See, People v Sanchez, supra, n 1 [evidence of a defendant’s prior experience in the drug trade may permit a jury to conclude that the defendant has the ability to determine how many ounces an object weighs and, accordingly, to infer knowledge of the weight of the drug possessed]; People v Paulino, supra, n 1 [acquitting a defendant of an aggregate weight charge in a nonjury trial, Judge Berman questioned whether a defendant’s prior sale or possession of narcotics would be relevant and admissible to establish knowledge of weight]; see also, Fisher, Ryan’: A View From The Bench, NYLJ, Feb. 22, 1994, at 1, col 1.)
Evidence of uncharged crimes is inadmissible to show the defendant’s bad character or propensity to commit the crime charged. However, such evidence is admissible to establish motive, intent, absence of mistake or accident, common scheme or plan or identity of the accused on trial. (People v Alvino, 71 NY2d 233, 241-242 [1987]; People v Ventimiglia, 52 NY2d 350, 359 [1981]; People v Molineux, 168 NY 264, 293 [1901].) Evidence of an uncharged crime is also admissible to establish an element of the crime under consideration. (People v Satiro, 72 NY2d 821, 822 [1988] [notebook containing entries in defendant’s handwriting recording cocaine sales admissible *418 to establish defendant’s dominion and control over drugs recovered in his room when he was in Aruba]; People v Alvino, supra, at 241, 244-245 [evidence that the defendant had previously issued false documents to the witness admissible to establish the defendant knew an amended driver’s license he issued to this witness was false].)
Upon application by the prosecutor out of the presence of the jury, the court must make a ruling concerning the admission of the uncharged crime. (People v Ventimiglia, supra, at 356.) The proposed evidence must be set forth in detail by either an offer of proof by counsel or testimony. (Supra, at 362.) The court, in its sound discretion, must balance the probative value of the evidence against its potential prejudicial effect. (People v Alvino, supra, at 247; People v Ventimiglia, supra, at 359-360.) Evidence that is otherwise admissible "may not be received unless its probative value exceeds the potential for prejudice resulting to the defendant.” (People v Alvino, supra, at 241.)
In the instant case, the prosecution proffered evidence of the defendant’s plea of guilty to a prior sale of cocaine. The uncharged crime involved the same drug and packaging as in the instant trial: vials of cocaine.[2] The evidence is admissible not to prove the defendant’s propensity to engage in drug-related activity but to allow an inference that the defendant knew the weight of the drugs possessed as a result of his prior experience with the drug. The prosecution may establish that, having previously sold vials of cocaine, the defendant was familiar with the packaging of cocaine, the amount of cocaine a vial contains and its price. The uncharged crime did not involve mere possession but demonstrated a greater familiarity with cocaine in that the offered evidence demonstrated that the prior transaction involved a discussion of price and quantity.
Having weighed the probative value of the evidence, which is significant, this court finds that it exceeds the potential for prejudice to the defendant. Therefore, evidence of the defendant’s prior sale and conviction of cocaine is admissible to *419 prove the defendant’s knowledge of the weight of the drug possessed in the instant case.[3]
For the foregoing reasons, the prosecution’s application is granted.

. Evidence of mere physical possession of a package containing a controlled substance does not establish the defendant’s knowledge of the weight of the drug possessed; additional proof is required. (People v Sanchez, 205 AD2d 472 [evidence of handling of drugs without additional evidence did not establish knowledge of weight]; People v Paulino, NYLJ, Feb. 16, 1994, at 22, col 2 [Sup Ct, NY County] [proof that the defendant threw the drugs without evidence of negotiations concerning weight, potency or price did not establish knowledge of weight]; but see, People v Dillon, 207 AD2d 793 [knowledge of weight can be inferred from a defendant’s brief handling of the drugs where weight far exceeds the statutory requirements].)

. The Court in Ryan (supra) noted that for pure weight cases the knowledge requirement "can be satisfied, among other ways, with evidence that the pure weight of the controlled substance possessed by the defendant is typical for the particular form in which the drug appears.” (People v Ryan, supra, at 505-506.)

. The defense requested permission to stipulate to the defendant’s knowledge of the weight of the drugs possessed to avoid evidence of the prior conviction being introduced before the jury. The People consented and the court granted the application, thereupon precluding the introduction into evidence of the prior conviction.