■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HECTOR ROSADO, Respondent. [622 NYS2d 708] —Order, Supreme Court, New York County (Alfred Kleiman, J.), entered on or about June 16, 1993, which dismissed the indictment with leave to re-present, unanimously reversed, on the law, and the indictment reinstated.

We find that the court erred in imposing the extraordinary remedy of dismissal of the indictment based on alleged prosecutorial error in presentation of the case to the Grand Jury since the cited errors do not satisfy the statutory test for dismissal, i.e., that the errors be of such dimension as to impair the integrity of the Grand Jury process (CPL 210.35 [5]; see also, People v Darby, 75 NY2d 449, 455).

Indeed, upon close examination, it appears that the alleged errors upon which the court based its decision were, to a large extent, responsive to remarks by the defendant which opened the door to otherwise inappropriate areas of inquiry. The first error cited by the court, elicitation from the defendant that the area in which he was arrested for a drug sale was a "drug-prone area", was in response to the defendant's unsolicited remark that he did not "even know what crack is" (see, People v Hardison, 181 AD2d 506, 507-508, lv denied 79 NY2d 1050).

The second error, i.e., elicitation from the defendant that he had gone to trial and lost in a previous case, was in response to defendant's statement that if he were guilty he would plead guilty and was made in the context of a line of questioning that tended to prove that the defendant continued to contend

that he was innocent of a number of crimes of which he had been convicted. Moreover, while we agree that the long recitation of facts of defendant's prior convictions was prejudicial to the defendant, a careful examination of the minutes shows that these recitations were largely volunteered by the defendant and were not responsive to questions from the prosecutor.

Additionally, the prosecutor's encouragement of the Grand Jury to recall a certain police witness to repeat his testimony rather than to have his original testimony read back because of the absence of the court reporter, while certainly improper for a trial jury, did not impugn the integrity of the Grand Jury, which is conducted according to less formal procedural requirements (see, e.g., People v Stepteau, 81 NY2d 799, 800).

Finally, we find no error in the prosecutor's charge on the limited use of defendant's prior convictions.

Since, under these circumstances, it is clear that the cited errors do not rise to the requisite level of impugning the integrity of the proceedings, the indictment should be reinstated. Concur—Sullivan, J. P., Rosenberger, Ellerin, Kupferman and Williams, JJ.