■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARAIND JOHNSON, Appellant. [626 NYS2d 486] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered March 16, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to 5 to 10 years, unanimously affirmed.

Defendant was not entitled to the "exceptional remedy" of dismissal of the indictment since the Grand Jury process was not impaired and he was not prejudiced as a result of the prosecutor's cross-examination (People v Gonzalez, 201 AD2d 414, 415, lv denied 83 NY2d 871). Defendant opened the door to the vast majority of questions posed by the prosecutor, by informing the jury that Araind Johnson was an "a/k/a", and by suggesting that his purported illegal arrest was the culmination of months of harassment by the arresting officers, whom he claimed were trying to stop him from plying his partly "illegal" trade of selling "Street News" (People v Rosado, 212 AD2d 426; People v Walker, 83 NY2d 455, 460-461). Any error in the prosecutor's inquiry regarding whether the officers had lied when they said that $295 had been recovered from defendant was not prejudicial, in light of "the presence of sufficient, admissible evidence which overwhelmingly indicates" defendant's possession of the drugs (People v Diaz, 209 AD2d 1, 6).

Although the trial court should have given a limiting instruction that the testimony regarding defendant's struggle with the officers during his attempt to escape should not be used as evidence of his propensity to commit the crime charged, "the court's final charge, read as a whole, conveyed the appropriate standard" to the jury (People v Archibald, 211 AD2d 451, 452).

We have considered defendant's remaining contention and find it to be without merit. Concur—Murphy, P. J., Rubin, Ross, Williams and Tom, JJ.