■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HUNTER, Appellant. [631 NYS2d 928] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 19, 1994, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the morning of September 4, 1993, two Housing Authority police officers observed the defendant holding a clear plastic bag containing 35 vials of a white substance which appeared to be cocaine. The defendant was placed under arrest, and the 35 vials were sent to the police laboratory for analysis. The defendant was subsequently indicted on charges of criminal possession of a controlled substance in the third degree (possession with intent to sell) and criminal possession of a controlled substance in the fifth degree (possession of 500 milligrams or more of cocaine).

At trial, the prosecution called two expert witnesses who testified that each of the 35 vials recovered from the defendant contained an average of .8 grains or 51.84 milligrams of 80.8% pure cocaine, for a net weight of 1466 milligrams of pure cocaine. One of the expert witnesses, a chemist employed by the New York City Police Department who had extensive experience in testing cocaine in vials for aggregate and pure weight, further testified that the average pure weight in the 35 vials

was a typical pure weight for cocaine packaged in such vials. Following the chemist's testimony, the trial court permitted the prosecution to introduce evidence that the defendant had previously been convicted of attempted criminal possession of a controlled substance in the third degree for the limited purpose of establishing the defendant's knowledge of the weight of cocaine in his possession. The court reasoned that the evidence of the defendant's prior conviction was probative because "knowledge of actual weight cannot be inferred from typical weight unless it is shown * * * that the defendant had knowledge of the weight typically found" in vials used to package cocaine.

On appeal, the defendant contends that the admission of his prior drug conviction deprived him of a fair trial because the prejudicial nature of this evidence outweighed its probative value. We disagree. In order to prove the defendant's guilt of criminal possession of a controlled substance in the fifth degree, the People were required to show that the defendant knew that the cocaine in his possession exceeded 500 milligrams in pure weight (see, Penal Law § 220.06 [5]; People v Ryan, 82 NY2d 497). Where a defendant possesses illegal drugs, possession alone may suffice to permit the inference that the possessor knows the nature of what is possessed, but does not readily support the conclusion that the defendant was also aware that the drugs possessed were of a certain weight (see, People v Sanchez, 86 NY2d 27). While the Court of Appeals recognized in People v Ryan that it may be difficult to show the defendant's knowledge of the weight of the drugs possessed where, as here, the defendant is charged under a "pure weight" statute, the Ryan Court suggested that the knowledge element may be satisfied through "evidence that the pure weight of the controlled substance possessed by defendant is typical for the particular form in which the drug appears" (People v Ryan, supra, at 505-506). Thus, "[w]hen drugs are packaged in vials, with roughly the same quantity in each vial throughout the drug-dealing industry, possession of a specific number of vials of cocaine [will] generally give rise to an inference defendant knew he possessed that particular quantity of drugs" (People v Sanchez, supra, at 34). To strengthen such an inference, the prosecution may be permitted to introduce some evidence that the defendant possesses sufficient experience with narcotics that he is aware that the drugs in his possession are of standard weight and purity (see, People v Douglas, 205 AD2d 280, 290, affd 85 NY2d 961; People v Ivey, 204 AD2d 16, 19, affd 86 NY2d 10; People v Morales, 162 Misc 2d 415). Consequently, the evidence of the defendant's prior conviction, which was

probative of his experience with the drug and its packaging, was properly admitted to support the inference that he knowingly possessed over 500 milligrams of cocaine.

Contrary to the defendant's contention, we further find that the testimony of the prosecution's expert witnesses competently established that the weight and purity of the cocaine contained in the subject vials were typical of the weight and purity of cocaine ordinarily packaged in such vials. Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.