■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDI TINEO, Also Known as FREDIE TINEO, Also Known as FREDDIE TINEO, Appellant. [649 NYS2d 445] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered April 11, 1994, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the trial court erred in permitting the prosecution to elicit limited testimony regarding his possession of packets of cocaine on two prior occasions. In this case, the People were required to prove that the defendant knew the weight of the drugs which he possessed *(see, People v Sanchez,* 86 NY2d 27; *People v Ryan,* 82 NY2d 497). Since the evidence of the defendant's previous experience with drugs and drug packaging was relevant to this issue *(see, People v Hunter,* 220 AD2d 452; *People v Douglas,* 205 AD2d 280, 291, *affd* 85 NY2d 961), and the trial court's narrowly-tailored ruling ensured that the probative value of the evidence outweighed its potential for prejudice *(see, People v Ventimiglia,* 52 NY2d 350; *People v Molineux,* 168 NY 264), the challenged testimony was properly admitted. Furthermore, the introduction of this evidence was not rendered improper by the mere fact that the People had additional, independent proof which tended to establish the knowledge element of the offense *(see, People v Alvino,* 71 NY2d 233, 245). In any event, any possible error in the admission of this testimony would be rendered harmless by the strength of the other evidence against the defendant *(see, People v Crimmins,* 36 NY2d 230).

To the limited extent that the issue is preserved for appellate review, the defendant's challenge to certain remarks in the prosecutor's summation is similarly unavailing, inasmuch as those statements either constituted fair comment on the evidence and permissible responses to the defense counsel's summation, or were the subject of the trial court's prompt and adequate curative instructions.

The defendant's *pro se* contention regarding the court's failure to give a missing witness charge has been waived by reason of the withdrawal of his request for such an instruction at trial. The remaining issues raised in the defendant's supplemental *pro se* brief are without merit. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.