■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDI RIVAS, Appellant. [688 NYS2d 604] —Appeal by the defendant from (1) a judgment of the County Court, Suffolk County (Vaughn, J.), rendered September 23, 1994, convicting him of criminal sale of a controlled substance in the second degree under Indictment No. 217/94, upon his plea of guilty, and (2) a judgment of the same court, rendered June 22, 1995, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, under Indictment No. 2506/94, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's claims in support of his motion to withdraw his guilty plea under Indictment No. 217/94, including his assertion that his counsel coerced him into pleading guilty by providing him with erroneous information, were unsubstantiated and contradicted by statements he made during the plea proceedings. Accordingly, the County Court did not improvidently exercise its discretion in denying the motion without a hearing (*see, e.g., People v Vega,* 256 AD2d 367; *People v Leviyev,* 256 AD2d 359).

As to his conviction under Indictment No. 2506/94, the defendant contends that the prosecutor's failure to give the Grand Jury limiting instructions with respect to testimony regarding a prior crime committed by him rendered the indictment fatally defective. However, dismissal of an indictment is warranted only where the integrity of the Grand Jury proceeding is impaired and prejudice to the defendant may result (*see,* CPL 210.20 [1] [c]; 210.35 [5]; *People v Darby,* 75 NY2d 449, 454). In

view of the remaining evidence before the Grand Jury in this case, the absence of the limiting instruction did not prejudice the defendant and is not sufficient to require dismissal of the indictment (*see, People v Hardison,* 181 AD2d 506; *People v Thompson,* 116 AD2d 377). Similarly, evidence of the defendant's prior crime was properly admitted at trial, with appropriate limiting instructions, since its potential prejudicial effect was outweighed by its probative value on the issues of the defendant's knowledge of and exercise of dominion and control over the cocaine, and his intent to sell the narcotics (*see, People v Tineo,* 232 AD2d 667; *People v Bright,* 210 AD2d 244).

The defendant's remaining contentions are without merit. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.