■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUDI RIVAS, Appellant, v JAMES J. WALSH, as Superintendent of Sullivan Correctional Facility, Respondent. [837 NYS2d 749]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered July 27, 2006 in Sullivan County, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted in 1994 of criminal sale of a controlled substance in the second degree and was sentenced to eight years to life in prison. He was convicted in 1995 of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, and was sentenced to two concurrent prison terms of 25 years to

life, to run consecutive to the sentence on his 1994 conviction. His convictions were later upheld on appeal (*People v Rivas*, 260 AD2d 583 [1999], *lv denied* 93 NY2d 1025 [1999]) and his CPL article 440 motion was denied. In August 2005 and December 2005, petitioner filed two applications for a writ of habeas corpus, both of which were denied by Supreme Court Justice Frank LaBuda. In April 2006, he filed the instant application for a writ of habeas corpus and thereafter moved for, among other things, disqualification of Justice LaBuda. Supreme Court denied petitioner's motions and dismissed the application without a hearing, resulting in this appeal.

We affirm. In support of his habeas corpus application, petitioner argues that there was insufficient evidence to sustain the indictment with respect to his 1994 conviction and that the grand jury proceeding conducted in connection with the indictment resulting in his 1995 conviction was fatally defective. Inasmuch as petitioner could have raised these claims on direct appeal or in his CPL article 440 motion, habeas corpus relief is not available (*see People ex rel. Lee v Cunningham*, 28 AD3d 985, 986 [2006], *lv denied* 7 NY3d 706 [2006]; *People ex rel. Grant v Scully*, 190 AD2d 543, 544 [1993], *appeal dismissed* 92 NY2d 946 [1998]). Furthermore, the fact that Justice LaBuda denied petitioner's two prior applications for habeas corpus relief is not indicative of bias warranting his recusal in the instant proceeding (*see generally People v Alomar*, 93 NY2d 239, 246 [1999]). Petitioner's remaining contentions are unavailing.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.