■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUDI RIVAS, Appellant, v JAMES J. WALSH, as Superintendent of Sullivan Correctional Facility, Respondent. [893 NYS2d 388]—McCarthy, J.

Petitioner is currently serving an aggregate prison sentence of 33 years to life arising out of 1994 and 1995 convictions, affirmed upon appeal, for various drug-related offenses (*People v Rivas*, 260 AD2d 583 [1999], *lv denied* 93 NY2d 1025 [1999]). He has unsuccessfully attacked those convictions in a CPL article 440 motion and numerous habeas corpus applications, and this Court has previously affirmed the rejection of one such application (*People ex rel. Rivas v Walsh*, 40 AD3d 1327 [2007], *lv denied* 9 NY3d 814 [2007]). This appeal arises from Supreme Court's dismissal of another application by petitioner for a writ of habeas corpus.

Petitioner contends that his primary argument on this application differs from those raised previously. The essence of his claim is that the first indictment was founded upon legally insufficient evidence and the second indictment was jurisdictionally defective. These arguments were or could have been raised upon petitioner's direct appeal or CPL article 440 motion and, as no extraordinary circumstances exist that would warrant a departure from traditional orderly procedure, habeas corpus relief is unavailable (*see People ex rel. Spaulding v Woods*, 63 AD3d 1456, 1457 [2009]; *People ex rel. Franza v Lape*, 61 AD3d 1200, 1200 [2009]). Indeed, we have previously rejected

petitioner's legal insufficiency argument (*People ex rel. Rivas v Walsh*, 40 AD3d at 1328), and petitioner is barred by collateral estoppel from raising it again (*see People ex rel. Spaulding v Woods*, 63 AD3d at 1457). Were we to reach petitioner's other argument—that the absence of a second felony complaint rendered the second indictment jurisdictionally defective—we would find that argument to be without merit (*see* CPL 1.20 [1], [3], [17]; 210.05). Accordingly, Supreme Court properly dismissed the habeas corpus petition, thereby rendering academic the enforcement of petitioner's subpoena seeking the minutes of the grand jury proceedings.

Peters, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.