People ex rel. Moise v Coveny (2019 NY Slip Op 06668)





People ex rel. Moise v Coveny


2019 NY Slip Op 06668


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

528369

[*1]The People of the State of New York ex rel. Eddie Moise, Appellant,
v
Raymond Coveny, as Superintendent of Elmira Correctional Facility, Respondent.

Calendar Date: August 30, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Aarons, JJ.


Eddie Moise, Elmira, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Rich Jr., J.), entered December 28, 2018 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner, who is currently serving a lengthy prison term, commenced this CPLR article 70 proceeding seeking a writ of habeas corpus alleging that the trial court lacked jurisdiction because the evidence before the grand jury was legally insufficient, the prosecutor engaged in misconduct by offering false evidence and the indictment was procedurally and technically defective. Supreme Court denied the petition without a hearing, and this appeal ensued.
We affirm. "Habeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Nailor v Kirkpatrick, 156 AD3d 1100, 1100 [2017] [internal quotation marks and citations omitted]; accord People ex rel. McCray v LaClair, 161 AD3d 1490, 1491 [2018], lv dismissed and denied 32 NY3d 1143 [2019]). A review of petitioner's contentions establish that they could have been raised on his direct appeal or in a motion pursuant to CPL article 440 (see People ex rel. Rivas v Walsh, 40 AD3d 1327, 1328 [2007], lv denied 9 NY3d 814 [2007]; People ex rel. Rodriguez v Kuhlmann, 239 AD2d 721, 721 [1997], lv denied 90 NY2d 808 [1997]; People ex rel. Brown v Hanslmaier, 209 AD2d 801, 802 [1994], lv denied 85 NY2d 804 [1995]). Notwithstanding petitioner's assertion, we find no extraordinary circumstances warranting a departure from traditional orderly procedure (see People ex rel. Weay v Martuscello, 155 AD3d 1204, 1205 [2017], lv denied 31 NY3d 901 [2018]; People ex rel. Littlejohn v Griffin, 133 AD3d 996, 997 [2015], lv denied 27 NY3d 902 [2016]). As habeas corpus relief is unavailable, Supreme Court properly denied petitioner's application.
Garry, P.J., Egan Jr., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.