■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YASH PAL GUPTA, Appellant. (Appeal No. 1.) — Case held and decision reserved pending final determination of appeal in *People v Gupta* (80 AD2d 743). (Appeal from judgment of Monroe County Court — criminal sale controlled substance, first degree and another charge.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YASH PAL GUPTA, Appellant. (Appeal No. 3.) — Case held, decision reserved and matter remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from orders denying his motion pursuant to CPL 440.10 to vacate judgments of conviction under two different indictments for criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree (class A-1 felonies) (Penal Law, §§ 220.43, 220.21) arising out of separate sales of morphine on October 31, 1977 (Indictment No. 1360/77) and November 11, 1977 (Indictment No. 1361/77). Defendant was sentenced on January 10, 1979 to two concurrent terms of 25 years to life imprisonment for the two convictions under each indictment. The sentences imposed under the two separate indictments were made to run consecutively with each other. The basis of defendant's CPL 440.10 motion was that the prosecuting authorities made a binding agreement with him to the effect that in return for his giving information about the sources of supply of morphine in India, the prosecutors would permit him to plead to a lesser offense and would recommend a 10-year sentence. Defendant contends that he supplied the information but that the District Attorney's office thereafter refused to accept a reduced plea and forced him to trial on the A-1 felonies which would prohibit any minimum sentence of less than 15 years (Penal Law, § 70.00, subd 3, par [a], cl [i]) thus rendering effectuation of the alleged agreement impossible. From the incomplete record before us, it appears to be uncontradicted that defendant made a telephone call to India which was taped by the prosecuting authorities and which led to the arrest of two of his suppliers. Although defendant's attorney did not testify and no sworn affidavit was submitted, the record contains letters to the effect that his repeated efforts to obtain a reduced plea for defendant were unsuccessful. Defendant's contention concerning the participation in the plea bargain by representatives of the District Attorney's office is set forth in a sworn petition. There is uncontradicted proof that Assistant District Attorneys were present during at least some of the conversations between defendant and the police who were interrogating him. No testimony was taken in connection with defendant's motion and no affidavits of the involved representatives of the District Attorney's office were submitted. The hearsay affidavit of an Assistant District Attorney who was not present is plainly insufficient. Accordingly, the matter is remitted for a full evidentiary hearing to be conducted forthwith and for complete findings of fact including the content of conversations or oral agreements, if any, concerning a reduced plea and sentence; the identification of the participants in any such conversations; what, if any, actions defendant took pursuant to such conversations; and

what, if any, efforts were made thereafter on defendant's behalf to obtain a reduced plea (see *People v Argentine,* 67 AD2d 180). Inasmuch as defendant will be a principal witness at the hearing, an appropriate assignment of counsel for the hearing should be made. (Appeal from orders of Monroe County Court — CPL 440.10.) Present — Hancock, Jr., J.P., Callahan, Doerr, Denman and Schnepp, JJ.