■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER M. LEFTWICH, Appellant. [698 NYS2d 366] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his contention that the evidence is insufficient to establish his constructive possession of cocaine found in an apartment (*see,* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19). In any event, that contention lacks merit. The evidence is sufficient to establish defendant's exercise of "dominion and control" over the apartment (*People v Manini*,

79 NY2d 561, 573). Defendant also failed to preserve for our review his contention that County Court erred in failing to conduct a hearing to determine the nature and scope of defendant's alleged cooperation agreement with police (*see, People v Argentine*, 67 AD2d 180). Defendant never moved to dismiss the indictment based on that alleged agreement (*cf., People v Fraisier*, 253 AD2d 437; *People v Gupta* [appeal No. 3], 80 AD2d 743).

The verdict convicting defendant of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Finally, in light of defendant's prior criminal history, including convictions for prior drug related offenses, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Hayes, Hurlbutt, Scudder and Balio, JJ.