THE PEOPLE OF THE STATE OF NEW YORK ex rel. DEMETRIUS HILL, Appellant, v WALTER KELLY, as Superintendent of Attica Correctional Facility, Respondent. [704 NYS2d 761] —Judgment unanimously affirmed without costs. Memorandum: Relator was sentenced to an indeterminate term of imprisonment of 3 to 6 years upon his plea of guilty to attempted robbery in the first degree (Penal Law §§ 110.00, 160.15). That sentence was later vacated upon relator's contention that it was illegal. Relator was resentenced to an indeterminate term of imprisonment of 2 to 6 years. After serving over three years in prison, relator commenced this proceeding seeking a writ of habeas corpus upon the ground that he had served his sentence and should be released pursuant to CPL 430.20 (4). That section applies when a sentence of imprisonment is vacated and a new

sentence is imposed for the same offense that is less than or equal to the vacated sentence. In that situation, the new sentence will be deemed to have been served in its entirety "where the time served by the defendant on the vacated sentence is equal to or greater than the *term* or maximum term of the new sentence" (CPL 430.20 [4] [a] [emphasis added]). Contrary to relator's contention, in the context of that section the word "term" is not defined as "minimum term"; rather, it is defined as "term of the new definite or determinate sentence" (CPL 430.20 [4]). Because relator received an indeterminate sentence, he is entitled to release only when he serves the maximum term of his new sentence. Supreme Court properly denied the petition because relator has not served the maximum term of his new sentence. In addition, a hearing was not necessary because there was no triable issue of fact (*see, People ex rel. Shaffer v Kulhmann,* 173 AD2d 1034, 1035, *lv denied* 78 NY2d 856). (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Habeas Corpus.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Balio, JJ.