■ In the Matter of DEMETRIUS HILL, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [712 NYS2d 656] —Peters, J. Appeals (1) from a judgment of the Supreme Court (Castellino, J.), entered May 10, 1999 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services denying petitioner's request for recomputation of his sentence, and (2) from an order of said court, entered May 10, 1999 in Chemung County, which denied petitioner's motion for reconsideration of the denial of his application for a writ of habeas corpus.

In October 1995, petitioner was convicted of the crime of attempted robbery in the first degree and thereafter sentenced to an indeterminate prison term of 3 to 6 years. In June 1998, upon a motion pursuant to CPL article 440, petitioner's sentence was vacated and he was resentenced, upon the same conviction, to an indeterminate prison term of 2 to 6 years. Petitioner then commenced this CPLR article 78 proceeding challenging the computation of his prison sentence and asserting that as a result of the resentencing he is entitled to release from custody pursuant to the provisions of CPL 430.20 (4) (a). He thereafter applied for a writ of habeas corpus on the same grounds as contained in the petition. Supreme Court dismissed the petition, finding, *inter alia*, that CPL 430.20 is inapplicable to petitioner inasmuch as the time served by him on his vacated sentence is not equal to or greater than the maximum term of his new sentence. The court also denied petitioner's motion for reconsideration of the denial of his application for a writ of habeas corpus. These appeals ensued.

Initially, we affirm the dismissal of the petition in the CPLR article 78 proceeding, albeit on a different ground than that expressed by Supreme Court. The record reveals that petitioner unsuccessfully advanced the identical argument in an application for a writ of habeas corpus which was denied by Supreme Court and recently affirmed by the Fourth Department (*People ex rel. Hill v Kelly*, 269 AD2d 851, *lv denied* 95 NY2d 758).

Inasmuch as petitioner was afforded a full and fair opportunity to litigate the issue in that proceeding, he is collaterally estopped from relitigating it in this proceeding (*see, Matter of Allen v New York State Div. of Parole*, 252 AD2d 691; *Matter of McAllister v Division of Parole*, 186 AD2d 326).

With regard to petitioner's appeal from Supreme Court's order denying reconsideration of his application for a writ of habeas corpus, we find that such motion must be considered a motion to reargue inasmuch as it was not based upon newly discovered evidence (*see, Matter of Syblis v New York State Bd. of Parole*, 240 AD2d 821; *Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781). Accordingly, the appeal from this order must be dismissed as it is well settled that no appeal may be taken from an order denying a motion to reargue (*see, Matter of Syblis v New York State Bd. of Parole, supra*).

Cardona, P. J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs. Ordered that the appeal from order is dismissed, without costs.