■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THURMAN BROWN, Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, Respondent. [743 NYS2d 895] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered June 27, 2001 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner is incarcerated as a result of his conviction of a number of crimes in Supreme Court, Nassau County (*see, People v Brown*, 258 AD2d 661, *lv denied* 93 NY2d 897, *cert denied* 528 US 860). Based upon claims that the trial court was deprived of jurisdiction over the criminal action as a result of fraud and/or other misconduct perpetrated by the prosecu-

tion, the court and virtually every other person who was even remotely involved, petitioner filed an application for a writ of habeas corpus. Concluding that the verification of the petition required by CPLR 7002 (c) was lacking and that, in any event, the petition failed to state a claim that was appropriate for habeas corpus relief, Supreme Court denied the application for the writ. Petitioner appeals.

Assuming that the lack of verification could be ignored, we agree with Supreme Court that the petition failed to state a claim that is appropriate for habeas corpus relief. Petitioner's argument that Supreme Court misconstrued the nature of his claim is unavailing. According to petitioner, his incarceration as the result of a criminal action over which the trial court lost jurisdiction through fraud and/or other misconduct is a form of slavery in violation of the 13th Amendment. Thus, petitioner claims that habeas corpus is an appropriate remedy to release him from the bonds of this slavery. Petitioner's argument overlooks the express exception in the 13th Amendment for "punishment for crime whereof the party shall have been duly convicted." In this case, there is a judgment of conviction which, despite petitioner's claims to the contrary, is valid and will remain so unless and until it is reversed or vacated. Accordingly, petitioner currently has no 13th Amendment claim and his underlying claims of lack of jurisdiction, fraud and misconduct represent direct attacks on the validity of the judgment of conviction which could have been raised on petitioner's appeal from that judgment or by way of a postconviction motion (*see*, CPL 440.10 [1] [a], [b], [c]). Inasmuch as habeas corpus is not the proper remedy to raise issues that could have been raised on direct appeal or in a motion pursuant to CPL article 440 (*see, e.g., People ex rel. Burr v Duncan*, 289 AD2d 898, *lv denied* 97 NY2d 612), and in the absence of any circumstances which would warrant departure from these traditional orderly proceedings (*see, e.g., People ex rel. Charles v DeAngelo*, 263 AD2d 796), Supreme Court properly denied petitioner's application.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.