■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR WOODARD, Appellant, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [758 NYS2d 848] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 5, 2002 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted in September 1993 of the crimes of burglary in the first degree and robbery in the first degree and currently is serving concurrent prison sentences of 25 years to life. The judgment of conviction was affirmed by the Second Department (*People v Woodard*, 221 AD2d 493 [1995], *lv denied* 88 NY2d 888 [1996]), and petitioner's subsequent motions pursuant to CPL article 440 were denied. In June 1994, petitioner was convicted of the crime of possession of burglar's tools and was sentenced to a determinate term of one year, to run concurrently with the previously imposed terms of imprisonment. This conviction also was affirmed by the Second Department (*People v Woodard*, 234 AD2d 613 [1996], *lv denied* 89 NY2d 989 [1997], *cert denied* 520 US 1266 [1997]).

In this application for a writ of habeas corpus (the most recent of 10 previous applications whereby he has sought similar relief), petitioner contends that the Trial Judge in the foregoing criminal proceedings erred by failing to grant (or, in petitioner's opinion, even to consider) his pretrial motions to suppress the identification testimony of police officers. Supreme Court dismissed the application, giving rise to this appeal.

We affirm. The issues now raised were available for review on petitioner's appeals from the judgments of conviction, as well as in the context of his previous motions pursuant to CPL article 440; hence, petitioner's most recent application for habeas corpus relief was properly dismissed by Supreme Court (*see People ex rel. Moore v Miller*, 244 AD2d 735 [1997], *lv denied* 91 NY2d 808 [1998]). Even if petitioner were to succeed on these issues, he would not be entitled to immediate release, a fact that renders the instant application for a writ of habeas corpus inapposite (*see People ex rel. Murray v Goord*, 268 AD2d 827, 828 [2000], *lv denied* 94 NY2d 763 [2000]). Finally, we find no extraordinary circumstances that would warrant a departure from the prescribed orderly procedures (*see People ex rel. Carter v Miller*, 261 AD2d 674, 675 [1999]).

Crew III, J.P., Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.