■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT L. BURT, Appellant, v JAMES L. CAMPBELL, as Sheriff of Albany County, Respondent. [768 NYS2d 676]—Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), entered May 12, 2002, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner, currently serving a sentence of imprisonment, filed this application for a writ of habeas corpus in April 2002, contending that his incarceration was illegal because the District Attorney reneged on an agreement that an indictment against him would be dismissed based upon his cooperation in a criminal investigation. Following a hearing, County Court denied the application prompting this appeal.

Habeas corpus relief is unavailable when it is clear that a petitioner could have raised the issues contained therein in the context of a direct appeal or in a CPL article 440 motion (*see People ex rel. Hayden v Senkowski*, 306 AD2d 664 [2003]; *People ex rel. Woodard v Senkowski*, 305 AD2d 879 [2003], *lv denied* 100 NY2d 511 [2003]; *People ex rel. Smith v Miller*, 295 AD2d 706 [2002]). Here, it is undisputed that petitioner advanced the subject argument in a motion to dismiss the indictment based upon the alleged agreement (*see People v Leftwich*, 266 AD2d 832 [1999], *lv denied* 94 NY2d 881 [2000]; *see also People v Fraisier*, 253 AD2d 437 [1998]) and said motion was denied. While petitioner does not detail what steps, if any, were taken to directly challenge said denial, clearly habeas corpus is not the proper remedy (*see People ex rel. Burr v Duncan*, 289 AD2d 898 [2001], *lv denied* 97 NY2d 612 [2002]). Furthermore, we do not find any "extraordinary circumstances that would warrant a departure from the prescribed orderly procedures" (*People ex rel. Woodard v Senkowski, supra* at 879).

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.