■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHNNIE BUNTING, Appellant, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [777 NYS2d 921]— Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered October 29, 2003 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner is currently incarcerated and serving a term of 20 years to life in prison upon his conviction of murder in the second degree. He filed a petition for a writ of habeas corpus alleging, among other things, that the indictment was jurisdictionally defective. Supreme Court denied petitioner's application without a hearing, resulting in this appeal.

We affirm. Habeas corpus relief is inappropriate where the issues the petitioner seeks to raise could have been advanced on direct appeal or in the context of a CPL article 440 motion (*see*

*People ex rel. Burt v Campbell*, 2 AD3d 1067, 1067 [2003]; *People ex rel. Brown v People*, 295 AD2d 834, 835 [2002], *lv denied* 98 NY2d 613 [2002], *cert denied* 537 US 1175 [2003]; *People ex rel. Merriweather v Miller*, 243 AD2d 872, 873 [1997], *lv denied* 91 NY2d 804 [1997]). Petitioner's appeal from the underlying judgment of conviction was affirmed by the First Department (*People v Bunting*, 178 AD2d 288 [1991], *lv denied* 79 NY2d 944 [1992]) and he could have raised the issues contained in his petition on the direct appeal or in a CPL article 440 motion to the trial court (*see People ex rel. Frazier v Coombe*, 87 AD2d 904, 904 [1982]). Accordingly, denial of the application was proper.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.