■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVENDRA JAIRAM, Appellant. [781 NYS2d 161]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered July 26, 2001, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the County Court, Suf-

folk County, to hear and report on the issues set forth herein and the appeal is held in abeyance in the interim. The County Court, Suffolk County, is to file its report with all convenient speed.

We agree with the defendant that the County Court erred in denying, without a hearing, his pro se motion to dismiss the indictment based on his allegation that the People violated a cooperation agreement they had entered into with him. The defendant produced evidence that such an agreement existed, and the People's bald assertion in opposition to the motion, by an Assistant District Attorney who did not purport to have personal knowledge of the facts, that no promise was made to the defendant, was an insufficient basis for denial of the motion without a hearing (*see People v Fraisier*, 253 AD2d 437 [1998]; *People v Gupta*, 80 AD2d 743 [1981]; *People v Argentine*, 67 AD2d 180 [1979]).

Accordingly, we remit the matter to the County Court for a hearing to determine (1) whether a promise was made to the defendant to gain his cooperation, and (2) if so, the exact nature and scope of the promise, and whether the defendant performed services in reliance upon the promise which exposed him to danger (*see People v Fraisier, supra; People v Argentine, supra*). We decide no other issues raised by the defendant at this time. Santucci, J.P., Goldstein, Luciano and Mastro, JJ., concur.