■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FITZROY WRIGHT, Appellant, v DAVID L. MILLER, as Superintendent of Eastern Correctional Facility, et al., Respondents. [790 NYS2d 734]—Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered June 16, 2004 in Ulster County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1995, petitioner was convicted after trial of murder in the second degree and criminal possession of a weapon in the third degree in connection with the shooting death of his stepfather and was sentenced to concurrent prison terms of 20 years to life and 2$^1/_3$ to 7 years, respectively. On appeal, the Second Department affirmed the judgment of conviction (*People v Wright*, 249 AD2d 570 [1998]), and the Court of Appeals denied petitioner's subsequent application for leave to appeal (*People v Wright*, 92 NY2d 883 [1998]). Thereafter, petitioner brought two motions pursuant to CPL 440.10 to vacate the judgment of conviction and an application for federal habeas corpus relief, all of which were denied. He then commenced this proceeding for a writ of habeas corpus seeking to be released from prison on the ground that the indictment providing the basis for his conviction was defective because it was not signed by the grand jury foreperson. Supreme Court dismissed the petition, resulting in this appeal.

It is well settled that an application for a writ of habeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in a motion to vacate the judgment of conviction pursuant to CPL article 440 (*see People ex rel. Reed v Travis*, 12 AD3d 1102 [2004], *lv denied* 4 NY3d 704 [2005]; *People ex rel. Burr v Duncan*, 289 AD2d 898 [2001], *lv denied* 97 NY2d 612 [2002]). Here, petitioner failed to raise the contention he now asserts either on his direct appeal or in his prior CPL 440.10 motions and has failed to put forth a reasonable excuse for this omission. Because no extraordinary circumstances exist warranting a departure from traditional orderly procedure (*see People ex rel. Brown v People*, 295 AD2d 834, 835 [2002], *lv denied* 98 NY2d 613 [2002], *cert denied* 537 US 1175 [2003]; *People ex rel. Wise v Keane*, 253 AD2d 919, 920 [1998], *lv denied* 92 NY2d 816 [1998]; *People ex rel. Brown v Commissioner of N.Y. State Dept. of Correctional Servs.*, 252 AD2d 602 [1998]), we find that Supreme Court properly dismissed the petition.

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.