■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM FIGUEROA, Appellant, v JAMES J. WALSH, as Superintendent of Sullivan Correctional Facility, Respondent. [799 NYS2d 613]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered February 1, 2005 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

As the result of his participation in a drive-by shooting which caused the death of a woman, petitioner was convicted in 1991 of the crimes of murder in the second degree, reckless endangerment in the first degree, two counts of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree. He was sentenced to consecutive prison terms of 25 years to life on the murder convic-

---

tion, $3^1/_2$ to 7 years on the reckless endangerment conviction and $7^1/_2$ to 15 years on the second degree criminal weapons possession convictions. He was further sentenced to $3^1/_2$ to 7 years in prison on the third degree criminal weapons possession convictions, to run concurrently with the other charges. The judgment convicting him of the aforementioned crimes was affirmed by the Second Department (*People v Figueroa*, 213 AD2d 669 [1995]) and the Court of Appeals denied his application for leave to appeal (*People v Figueroa*, 85 NY2d 972 [1995]). His numerous CPL article 440 motions to vacate the judgment of conviction and set aside the sentence were also denied. Thereafter, he commenced this habeas corpus proceeding pursuant to CPLR article 70 seeking to be released from prison on the grounds that the indictment was defective insofar as it charged him with both intentional and depraved indifference murder contrary to *People v Payne* (3 NY3d 266 [2004]) and that he was wrongfully convicted of the latter crime. Supreme Court denied the petition without a hearing and this appeal ensued.

Inasmuch as petitioner's claims could have been raised on direct appeal or in the context of a CPL article 440 motion, this application for a writ of habeas corpus is inappropriate (*see People ex rel. Wright v Miller*, 16 AD3d 746 [2005]; *People ex rel. Bunting v McGinnis*, 8 AD3d 795, 795-796 [2004], *lv denied* 3 NY3d 608 [2004]). In any event, petitioner has unsuccessfully challenged the validity of the indictment and raised related claims both in his direct appeal and in his fifth CPL article 440 motion. Furthermore, even if his murder conviction were reversed, he would not be entitled to immediate release from prison (*see People ex rel. Burr v Smith*, 6 AD3d 841, 841 [2004], *lv denied* 3 NY3d 605 [2004]; *People ex rel. Burr v Duncan*, 289 AD2d 898, 898 [2001], *lv denied* 97 NY2d 612 [2002]).

Cardona, P.J., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.