■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM FIGUEROA, Appellant, v JAMES J. WALSH, as Superintendent of Sullivan Correctional Facility, Respondent. [834 NYS2d 493]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered May 16, 2006 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

As the result of a drive-by shooting during which he fired a gun into an occupied home killing a person, petitioner was convicted of murder in the second degree, reckless endangerment in the first degree, two counts of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree and was sentenced in 1991 as a second felony offender to various terms of imprisonment, the maximum of which was life in prison. His conviction was affirmed on appeal (*People v Figueroa*, 213 AD2d 669 [1995], *lv denied* 85 NY2d 972 [1995]), and his numerous CPL article 440 motions were denied. After his initial application for a writ of habeas corpus in state court was denied (*People ex rel. Figueroa v Walsh*, 20 AD3d 846 [2005], *lv denied* 5 NY3d 714 [2005]), petitioner brought this application for habeas corpus relief. Supreme Court dismissed the application without a hearing, resulting in this appeal.

In support of the present application, petitioner asserts that the trial evidence was insufficient to prove the reckless element of depraved indifference murder and that the trial judge impermissibly altered the jury's verdict. Insofar as these claims either were or could have been raised in petitioner's direct appeal or his CPL article 440 motions, habeas corpus relief is inappropriate (*see People ex rel. Lee v Cunningham*, 28 AD3d 985, 986 [2006], *lv denied* 7 NY3d 706 [2006]; *People ex rel. Figueroa v Walsh, supra* at 847). As we perceive nothing that warrants departure from traditional orderly procedure (*see People ex rel. Martinez v West*, 20 AD3d 842, 843 [2005], *lv denied* 5 NY3d 716 [2005]), Supreme Court properly dismissed the application.

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.