■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMEEK BERRY, Appellant, v D.E. LaCLAIR, as Superintendent of Franklin Correctional Facility, Respondent. [885 NYS2d 435]— Appeal from a judgment of the Supreme Court (Feldstein, J.), entered October 21, 2008 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 2006, petitioner was convicted of two counts of criminal sexual act in the third degree and two counts of sexual misconduct. He was sentenced as a second felony offender to consecutive terms of 2 to 4 years in prison on the criminal sexual act counts and to time served on the remaining counts. His conviction was later affirmed on appeal (*People v Berry*, 45 AD3d 693 [2007]). Petitioner subsequently commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus on the ground that his sentence is illegal. Supreme Court denied petitioner's application without a hearing, resulting in this appeal.

We affirm. It is well settled that habeas corpus relief is unavailable in cases where an issue could have been raised on direct appeal or in the context of a CPL article 440 motion (*see People ex rel. Woodard v Lape*, 58 AD3d 903, 904 [2009], *lv denied* 12 NY3d 706 [2009]; *People ex rel. Spaulding v Napoli*, 50 AD3d 1330, 1331 [2008]). Petitioner took a direct appeal from the judgment of conviction and could have challenged the legality of his sentence, but did not (*see People v Berry, supra*). In view of this, and given petitioner's failure to bring a CPL article 440 motion asserting the same claim, Supreme Court properly denied the application (*see People ex rel. Warren v Artus*, 17 AD3d 896, 897 [2005], *lv denied* 5 NY3d 705 [2005]; *People ex rel. Sims v Senkowski*, 226 AD2d 800 [1996], *lv denied* 88 NY2d 807 [1996]). Under the circumstances presented, we find no reason to depart from traditional orderly procedure (*see People ex rel. Figueroa v Walsh*, 40 AD3d 1282 [2007]).

Cardona, P.J., Mercure, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.