■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEE HALL, Appellant, v MARK L. BRADT, as Superintendent of Elmira Correctional Facility, Respondent. [924 NYS2d 861]—

Appeal from a judgment of the Supreme Court (Cerio, Jr., J.), entered November 9, 2010 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Following a new trial ordered by this Court after petitioner's prior conviction was reversed (*People v Hall*, 41 AD3d 880 [2007], *lv denied* 9 NY3d 876 [2007]), petitioner was convicted of burglary in the second degree and attempted burglary in the second degree. He was sentenced as a second felony offender to an aggregate prison term of 14 years, to be followed by five years of postrelease supervision. The judgment of conviction was affirmed on appeal (*People v Hall*, 57 AD3d 1229 [2008], *lv denied* 12 NY3d 784 [2009]). Petitioner then brought the instant proceeding pursuant to CPLR article 70 for a writ of habeas corpus that was denied by Supreme Court without a hearing.* Petitioner now appeals.

We affirm. It is well settled that habeas corpus relief is not an appropriate remedy for matters that could have been raised on direct appeal or in a CPL article 440 motion (*see e.g. People ex rel. Thorpe v Smith*, 67 AD3d 1135 [2009], *lv denied* 14 NY3d 705 [2010]). Here, petitioner challenges the legitimacy of the indictment charging him with the subject crimes, asserting that it was not properly filed and did not adequately identify him. Inasmuch as these claims could have been raised by petitioner in his direct appeal or a postconviction motion, Supreme Court

---

* Petitioner states that he also brought a habeas corpus proceeding in federal court that is currently pending.

properly denied the petition (*see e.g. People ex rel. Rivas v Walsh,* 69 AD3d 1236, 1236 [2010], *lv denied* 14 NY3d 712 [2010]; *People ex rel. Johnson v Graham,* 67 AD3d 1452, 1453 [2009], *lv denied* 14 NY3d 704 [2010]). Furthermore, on the record before us, we perceive no extraordinary circumstances warranting a departure from traditional orderly procedure (*see People ex rel. Franza v Walsh,* 76 AD3d 1160, 1160 [2010], *lv denied* 15 NY3d 716 [2010]; *People ex rel. Jackson v Rock,* 67 AD3d 1080 [2009], *lv denied* 14 NY3d 704 [2010]).

Mercure, J.P., Peters, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.