■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADRIAN RILEY, Appellant, v MARK L. BRADT, as Superintendent of Elmira Correctional Facility, Respondent. [936 NYS2d 921]—

We affirm. It is well settled that habeas corpus relief is not the proper remedy to address matters that could have been raised on direct appeal or in a CPL article 440 motion (*see People ex rel. Hall v Bradt*, 85 AD3d 1422, 1422 [2011]; *People ex rel. Berry v LaClair*, 65 AD3d 1428 [2009]). Petitioner here challenges the subject matter jurisdiction of the trial court, claiming that the indictment was defective because it was not properly filed in accordance with CPL 210.05. Inasmuch as this jurisdictional claim could have been raised on direct appeal or in a CPL article 440 motion, Supreme Court properly denied the application (*see People ex rel. Ward v Corcoran*, 59 AD3d 1089, 1089 [2009]; *People ex rel. Moore v Connolly*, 56 AD3d 847, 848 [2008], *lv denied* 12 NY3d 701 [2009]). Under the circumstances presented, we find no reason to depart from traditional orderly procedure (*see People ex rel. Chapman v LaClair*, 64 AD3d 1026, 1026-1027 [2009], *lv denied* 13 NY3d 712 [2009]; *People ex rel. Alvarez v West*, 22 AD3d 996, 996 [2005], *lv denied* 6 NY3d 704 [2006]).

Lahtinen, J.P., Spain, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.