*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    521024
_____

THE PEOPLE OF THE STATE OF
    NEW YORK ex rel. DOUGLAS
    LATTA,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

DANIEL F. MARTUSCELLO JR., as
    Superintendent of Coxsackie
    Correctional Facility,
                    Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Peters, P.J., Lahtinen, Garry, Lynch and Mulvey, JJ.

                    _____

        Douglas Latta, Woodbourne, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondent.

                    _____

        Appeal from a judgment of the Supreme Court (Tailleur, J.),
entered May 11, 2015 in Greene County, which denied petitioner's
application for a writ of habeas corpus, in a proceeding pursuant
to CPLR article 70, after a hearing.

        Petitioner commenced this proceeding pursuant to CPLR
article 70 for a writ of habeas corpus on the grounds that his
conviction for various crimes in 2013 violated the constitutional
prohibition against double jeopardy and that he was denied the
right to counsel during his trial.  Supreme Court denied the
application following a hearing and petitioner now appeals.

"It is well settled that habeas corpus relief is not an appropriate remedy for resolving claims that could have been or that were raised on direct appeal or in a postconviction motion" (People ex rel. Lainfiesta v Lape, 83 AD3d 1303, 1303 [2011], lv denied 17 NY3d 708 [2011] [citations omitted]; see People ex rel. Berry v LaClair, 65 AD3d 1428, 1428 [2009]; People ex rel. Jackson v McGinnis, 251 AD2d 731, 731 [1998], appeal dismissed lv and denied 92 NY2d 913 [1998]).  Inasmuch as both issues raised here could be raised on direct appeal or in a CPL article 440 motion, the application for the writ of habeas corpus was properly denied (see People ex rel. Jackson v McGinnis, 251 AD2d at 731; People ex rel. Murphy v Leonardo, 179 AD2d 848, 848 [1992], lv denied 79 NY2d 757 [1992]).  Moreover, we find no circumstances warranting a departure from traditional orderly procedure (see People ex rel. Fauntleroy v Rock, 113 AD3d 982, 983 [2014], lv denied 22 NY3d 865 [2014]).

Peters, P.J., Lahtinen, Garry, Lynch and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court