People v LaClair (2018 NY Slip Op 03880)





People v Laclair


2018 NY Slip Op 03880


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

522065

[*1]THE PEOPLE OF THE STATE OF NEW YORK ex rel. CERIOUS-DELMARR McCRAY, Appellant,
v
DARWIN LaCLAIR, as Superintendent of Franklin Correctional Facility, Respondent.

Calendar Date: May 4, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Cerious-Delmarr McCray, Wallkill, appellant pro se.


Lynch, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the Supreme Court (Feldstein, J.), entered September 22, 2015 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing, and (2) from two orders of said court, entered October 4, 2016 and May 1, 2017 in Franklin County, which denied petitioner's motions for reconsideration and/or renewal.
Petitioner is currently serving a prison term of 10 years following his 2011 conviction of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree (People v McCray, 106 AD3d 1110, 1111-1112 [2013], lv denied 21 NY3d 1044 [2013]). In 2015, petitioner commenced this CPLR
article 70 proceeding seeking a writ of habeas corpus asserting, among other things, a litany of investigative, prosecutorial, defense counsel and judicial misconduct claims and that he was the subject of an overarching conspiracy to deprive him of his constitutional rights. Supreme Court denied petitioner's application without a hearing and subsequently denied two motions for reconsideration and/or renewal. Petitioner now appeals from the judgment and orders.
With respect to petitioner's initial application, "[h]abeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion" (People ex rel. Nailor v Kirkpatrick, 156 AD3d 1100, 1100 [2017] [internal quotation marks and citation omitted]; see People ex rel. Latta v Martuscello, 140 AD3d 1421, [*2]1421 [2016], lv denied 28 NY3d 904 [2016]). We agree with Supreme Court that petitioner's contentions could have been raised on his direct appeal and, to the extent that such matters involve facts outside of the record, petitioner acknowledges that he has not moved for any relief pursuant to CPL article 440 (see People ex rel. Brown v People, 295 AD2d 834, 835 [2002], lv denied 98 NY2d 613 [2002], cert denied 537 US 1175 [2003]; see also People ex rel. Landy v Rock, 61 AD3d 1198, 1198 [2009], lv denied 13 NY3d 702 [2009]; People ex rel. Washington v Walsh, 43 AD3d 1217, 1217 [2007], lv denied 9 NY3d 816 [2007]). As we perceive no basis to depart from traditional orderly procedure (see People ex rel. Brown v People, 295 AD2d at 835), we conclude that Supreme Court properly denied petitioner's application.
As to petitioner's appeals from Supreme Court's orders denying reconsideration and/or renewal, both motions must be considered ones to reargue inasmuch as they were not based upon newly discovered evidence (see People ex rel. Kearney v Bartlett, 131 AD3d 1313, 1314 [2015]; Matter of Syblis v New York State Bd. of Parole, 240 AD2d 821, 821 [1997]). Specifically with regard to the second motion, defendant failed to point to any new facts or change in the law that would require a different determination; rather, he requested once again that Supreme Court revisit his initial arguments (see CPLR 2221 [e]; People ex rel. Adams v Cunningham, 134 AD3d 1258, 1259 [2015]; Matter of Jones v Hickey, 126 AD3d 1247, 1248 [2015], lv dismissed 26 NY3d 950 [2015]). As no appeal lies from an order denying reargument, these appeals must be dismissed (see People ex rel. Kearney v Bartlett, 131 AD3d at 1314; Matter of Hill v Goord, 275 AD2d 492, 493 [2000]).
Garry, P.J., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.
ORDERED that the appeals from the orders entered October 4, 2016 and May 1, 2017 are dismissed, without costs.