People ex rel. Hill v Miller (2019 NY Slip Op 06048)





People ex rel. Hill v Miller


2019 NY Slip Op 06048


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

528573

[*1]The People of the State of New York ex Rel. Anthony Hill, Appellant,
v
CHRISTOPHER MILLER, as Superintendent of Great Meadow Correctional Facility, Respondent.

Calendar Date: June 21, 2019

Before: Garry, P.J., Lynch, Mulvey, Devine and Rumsey, JJ.


Anthony Hill, Comstock, appellant pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McKeighan, J.), entered January 22, 2019 in Washington County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPL article 70, without a hearing.
Petitioner is currently serving a lengthy prison term following his 2009 conviction of numerous crimes, including rape and sodomy. Petitioner commenced this CPL article 70 proceeding seeking a writ of habeas corpus claiming that the indictment was defective and that Supreme Court lacked subject matter jurisdiction. Supreme Court dismissed the petition without a hearing, and this appeal ensued.
We affirm. "Habeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Nailor v Kirkpatrick, 156 AD3d 1100, 1100 [2017] [internal quotation marks and citations omitted]; see People ex rel. Gonzalez v Smith, 122 AD3d 1045, 1046 [2014], appeal dismissed 24 NY3d 1203 [2015]; People ex rel. Riley v Bradt, 91 AD3d 1238, 1238 [2012]). We agree with Supreme Court that the jurisdictional issues raised by petitioner are inappropriate for habeas corpus relief. As we discern no basis to depart from traditional orderly procedure, we find that Supreme Court properly denied petitioner's application (see People ex rel. Nailor v Kirkpatrick, 156 AD3d at 1100; People ex rel. Woodard v Berry, 143 AD2d 457, 458 [1988], lv denied 73 NY2d 705 [1989]).
Garry, P.J., Lynch, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.