■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL W. GILMER, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 1, 1981, upon a verdict convicting defendant of the crimes of murder in the second degree and robbery in the first degree. Defendant and Anthony Green were jointly indicted and tried for the felony murder of Thomas Dronchi, committed in the course of their robbery of Dronchi. After being picked up by the police, each gave a written confession to robbing money and jewelry from Dronchi's apartment; to jumping and tying up the old man when he awoke and went into his bathroom; to defendant's concern that Dronchi saw his face and recognized him; and to subsequently splitting the money and taking the jewelry to the apartment of a friend on Clinton Avenue in the City of Albany. Both men also described Dronchi's being hit on the head with defendant's large monkey wrench and then having a pill box shoved into his mouth to gag him and a cloth tied around his mouth; each, however, claimed the other had done these acts. Defendant further stated that, after being gagged, "the old man stopped moving around and making any sounds. I was pretty sure at that time that the old man was dead". Neither defendant nor his codefendant testified on his own behalf at the joint trial. Both were convicted of felony murder (Penal Law, § 125.25, subd 3) and first degree robbery (Penal Law, § 160.15, subd 1). Defendant was sentenced to 25 years to life imprisonment on the murder count and 8⅓ to 25 years on the robbery count, to run concurrently. On this appeal, defendant first contends that the trial court improperly denied his pretrial motion for a severance, thus exposing the jury to Green's extrajudicial statements implicating defendant in the murder of Dronchi. Relying on *Bruton v United States* (391 US 123), defendant alleges that since Green did not take the stand and, therefore, could not be cross-examined, defendant was deprived of his constitutional right to confront a witness who testified against him. The *Bruton* rule does not apply, however, when the implicated defendant has not maintained his innocence, but instead has himself confessed to the crime charged, since in such a case the possibility of prejudice from the codefendant's interlocking confession is negligible (*Parker v Randolph,* 442 US 62, 73-75; *People v Berzups,* 49 NY2d 417, 425). Here, defendant confessed to all of the elements of robbery in the first degree and felony murder. The fact that defendant and Green each claimed that the other actually committed the ultimately fatal act of asphyxiating Dronchi is immaterial, since a person is guilty of felony murder when: "[a]cting either alone or with one or more other persons, he commits * * *

robbery * * * and, in the course of and in furtherance of such crime * * * *he, or another participant,* if there be any, causes the death of a person other than one of the participants" (Penal Law, § 125.25, subd 3; emphasis added). Defendant's and Green's confessions both state that one of them killed Dronchi in the course of and in furtherance of the robbery. Thus, their confessions are in agreement as to defendant's legal responsibility under the statute and differ only as to defendant's culpability for the specific act, gagging Dronchi by stuffing a plastic bottle into his mouth, causing his death. This was clearly a situation where the possibility of prejudice from a codefendant's confession was "so 'negligible' that in the end 'the result would need to be the same' " (*People v Berzups,* 49 NY2d 417, 425, *supra*). Therefore, County Court properly denied defendant's motion for a severance. Defendant also alleges that the charge to the jury regarding the confession of a codefendant was inadequate. Under *People v Whalen* (59 NY2d 273), however, this matter is not preserved for review. In *Whalen,* defense counsel requested a specific alibi charge. The court in *Whalen* purported to grant the request, but then gave a different and inadequate charge. The Court of Appeals held that the requesting party had an obligation to draw the error to the Judge's attention, in order to afford him an opportunity to correct himself, and that not having done so, defendant must be deemed to have waived any objection to the instruction (*id.,* p 280). Similarly, in the instant case, when codefendant Green's confession was received into evidence, defense counsel asked for a specific limiting instruction. The trial court agreed, stated that the confession was received as to Green only, and promised that it would cover this point in more detail in its charge. At the conclusion of the case, defense counsel made no further requests for a charge on this point, and the trial court's charge did not specifically instruct the jury that a confession may be considered as evidence only against its maker. Defense counsel, however, neither took an exception on this point nor in any way reminded the court of its earlier promise to charge. Therefore, as in *Whalen,* defendant failed in his obligation to draw the error to the trial court's attention so that it might be corrected and, thus, as in *Whalen,* failed to preserve the error for review. Since defendant's guilt was overwhelmingly established, we decline to exercise our statutory power to reverse on this issue in the interests of justice (CPL 470.15, subd 6, par [a]). Finally, the trial court was correct in rejecting defendant's motion to suppress his second statement. At no time did defendant request the assistance of counsel, and no right to counsel had attached arising out of the earlier arrest for criminal possession of a weapon since there is no evidence that defendant was represented by counsel on that unrelated charge (see *People v Kazmarick,* 52 NY2d 322, 324). We have examined the other issues raised by defendant and find them to be without merit. Accordingly, the judgment should in all respects be affirmed. Judgment affirmed. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.