(May 24, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY T. GREEN, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 1, 1981, upon a verdict convicting defendant of the crimes of murder in the second degree and robbery in the first degree. ¶ The facts underlying this case are set forth in this court's decision affirming the conviction of codefendant Michael W. Gilmer (*People v Gilmer,* 96 AD2d 679, mot for lv to app den 60 NY2d 705). Defendant asserts that his confession was obtained after he had invoked his right to counsel and that, in light of the totality of the circumstances, his confession was made involuntarily. The suppression hearing produced conflicting testimony. In this regard, the court resolved the issue of credibility between Detective Paul A. Mancino and defendant in favor of Mancino, who indicated that defendant did not request an attorney. This determination of credibility should not be disturbed (*People v Vail,* 90 AD2d 917). Moreover, contrary to defendant's assertion, an examination of the totality of the circumstances reveals that defendant's confession was voluntary (see *People v Tarsia,* 50 NY2d 1, 12-13; *People v Patterson,* 88 AD2d 694, affd 59 NY2d 794). ¶ Defendant next contends that, since codefendant Gilmer did not take the stand and, consequently, could not be cross-examined, defendant was deprived of his constitutional right to confront a witness by denial of his pretrial motion for a severance and the admission of Gilmer's confession (see *Bruton v United States,* 391 US 123). Defendant asserts that his confession falls short of implicating him in felony murder so that Gilmer's confession implicating him is not interlocking and thus *Bruton* is applicable (see *People v Smalls,* 55 NY2d 407, 415; *People v Gilmer, supra*). As noted by this court in affirming the codefendant's conviction: "The fact that defendant and Green each claimed that the other actually committed the ultimately fatal act of asphyxiating Dronchi is immaterial, since a person is guilty of felony murder when: '[a]cting either along or with one or more other persons, he commits * * * robbery * * * and, in the course of and in furtherance of such crime * * * *he, or another participant,* if there be any, causes the death of a person other than one of the participants' (Penal Law, § 125.25, subd 3; emphasis added)." (*People v Gilmer, supra,* pp 679-680.) ¶ Defendant urges, however, that his confession does not implicate him in the felony murder because it indicates that Gilmer returned after the robbery to kill the victim and, therefore, the victim's death was not caused in the course of and in furtherance of the robbery or of the immediate flight therefrom (Penal Law, § 125.25, subd 3). The record simply does not support this contention. While defendant's confession indicates that he did not learn of Gilmer's stuffing of a pill bottle into the victim's throat until after the robbery, the inescapable conclusion from the confession is that this act occurred in the course of the robbery. Accordingly, defendant's confession and Gilmer's confession are substantially similar so that no prejudice occurred herein (*People v Gilmer, supra*). The trial court thus properly denied defendant's motion for a severance. ¶ Defendant, as did codefendant Gilmer, asserts that the trial court failed to properly instruct the jury as to the limited nature of the use of the confession. In this regard, at the time defendant's statement was received into

evidence, codefendant Gilmer's counsel requested a limiting instruction. The trial court thereupon stated that the confession was received against defendant only. Defendant's counsel did not request a limiting instruction at the time Gilmer's confession was received into evidence. The trial court did not specifically instruct the jury that a confession may be considered as evidence only against its maker; however, neither defense counsel had requested a specific limiting instruction nor excepted to the charge as given. Therefore, as this court held in *People v Gilmer (supra)*, the error was not preserved for review, and, in light of the overwhelming evidence of defendant's guilt, we decline to exercise our statutory power to reverse on this issue in the interest of justice (CPL 470.15, subd 6, par [a]; see, also, *People v Gilmer, supra*). ¶ The judgment should, therefore, be affirmed. ¶ Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.