■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIS ROMEO and PEDRO IRIZARRY, Appellants.—Appeal by defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Leahy, J.), (1) rendered July 8, 1982 convicting defendant Doris Romeo of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) rendered July 7, 1982, convicting defendant Pedro Irizarry of murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgments affirmed.

Defendants both claim that they were deprived of a fair trial. They rely upon the rule enunciated in *Bruton v United States* (391 US 123), which held that the admission of a codefendant's confession at a joint trial in which the codefendant does not take the stand denied defendant his constitutional right of confrontation.

It is well settled in this State that there are exceptions to the *Bruton* rule, particularly where each defendant has made a confession close enough in content to the one offered against him as to make the probability of prejudice so negligible that in the end the result would be the same (*People v Berzups,* 49 NY2d 417, 425). In the instant case, each defendant admitted participating in the robbery, and to some degree in striking

the victim. Although each blamed the other for administering the lethal blows, the statements of both acknowledged a sufficient degree of participation so that they interlock with and support the confession of the other (*People v Santanella,* 63 AD2d 744, *cert denied sub nom. Tamilio v New York,* 443 US 912; *People v Gilmer,* 96 AD2d 679). Consequently, it was not error for the court to deny their motions for separate trials.

Defendants' remaining contentions have been considered and found to be without merit. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.