■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered October 24, 1984, convicting him of murder in the second degree (intentional murder), murder in the second degree (felony murder), attempted robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On September 12, 1983, the defendant Joseph Martinez and codefendant Henry Goodison attempted to rob a "box" type radio from two teen-agers who were listening to it in a parking lot. One of the assailants pulled a gun, and when Matthew Harasek, the owner of the radio, struggled to keep possession of it, he was shot. Harasek died of the gunshot wound several hours later. After a chase which included Harasek's brother and several police officers, the defendant and Goodison were apprehended. The defendant then led police to the place where he had dropped the gun during the chase. Both the defendant and Goodison subsequently gave videotaped statements to an Assistant District Attorney.

The defendant and Goodison were tried jointly and both of their statements were introduced into evidence and were played for the jury. The Trial Judge gave appropriate limiting instructions. The defendant now claims that the trial court erred when it permitted Goodison's statement to be played. We disagree.

Although it is generally not proper for a statement of a codefendant to be introduced at a joint trial when that codefendant does not take the witness stand (see, Bruton v United States, 391 US 123; People v Cruz, 66 NY2d 61, 69), the Bruton rule has a long-recognized exception in this State. A codefendant's statement which interlocks with the defendant's confession may be introduced at trial if proper limiting instructions are supplied by the trial court (see, People v Cruz, supra, p 69). Confessions interlock if their content is substantially similar or essentially the same as to motive, plot and execution of the crime (People v Cruz, supra, p 70).

The confessions of the defendant and Goodison were substantially similar as to motive, plot and execution of the crime. Although Goodison's confession placed the gun in the defendant's hand at the time the shot was fired and the defendant claimed that someone else had the gun, the statement of each acknowledged a sufficient degree of participation

in the crime so as to interlock with and support the confession of the other (see, *People v Romeo,* 112 AD2d 1015, 1016). Therefore, the introduction of Goodison's confession at the trial, prefaced as it was with appropriate limiting instructions, was not improper.

While the trial court should have allowed the defendant to call Trevor Apericio to testify in his behalf (see, *People v Gilliam,* 37 NY2d 722, *revg* 45 AD2d 744, *on the dissenting opn of Hopkins, J.; People v Scott,* 104 AD2d 667, 670), we conclude that the proffered testimony was immaterial and, under all the circumstances, its exclusion was harmless (see, *People v Smalls,* 55 NY2d 407, 415, 416; *People v Daly,* 98 AD2d 803, 804, *affd* 64 NY2d 970).

We have considered the defendant's other arguments and find them to be without merit. Lazer, J. P., Brown, Rubin and Eiber, JJ., concur.