■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE A. WILLIAMS, Appellant. [762 NYS2d 657] —Rose, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 18, 1996, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant's conviction arises from the May 1995 shooting death of a spectator during an altercation arising out of a

neighborhood basketball game in the City of Troy, Rensselaer County. Ten to 15 minutes after the shooting, defendant emerged from a nearby house and encountered police officer James Bottillo, who had been ordered to secure the perimeter of the house following the report of the shooting. Bottillo asked defendant to identity himself, patted him down for weapons and, finding none, released him. As defendant walked away, someone who apparently witnessed the shooting, but was unknown to Bottillo, shouted that defendant had been involved. When defendant then entered a car and left, Bottillo and another officer pursued him. According to the car's occupants, defendant stated, "Go, go, I just blazed a nigger." Within a few blocks, defendant left the car and the pursuing officers soon found him hiding in a nearby dumpster. Defendant reportedly stated, "Take it easy, man, I didn't shoot anybody, I swear." Defendant was then arrested, *Mirandized* and taken to the police station, where a live round of ammunition was found in his pocket. Three days later, police conducted a warrantless search of defendant's apartment and seized two magazines containing ammunition. An expert witness testified that the round recovered from defendant, the three shell casings recovered from the crime scene and the ammunition seized from defendant's apartment were of the same caliber and part of the same batch made by the same Chinese manufacturer in 1993. Following his conviction, defendant was sentenced to an indeterminate prison term of 25 years to life. Defendant appeals.

Although defendant argues that the arresting officers did not have probable cause to arrest him, he was within two blocks of the scene of the shooting shortly after it occurred and he suddenly took flight as someone shouted that he had been involved; thus, the police had reasonable suspicion to pursue and investigate (*see People v Varlack*, 290 AD2d 647, 648 [2002], *lv denied* 97 NY2d 762 [2002]). After he was found hiding in a dumpster, defendant's spontaneous statement provided probable cause for his arrest (*see People v Curry*, 294 AD2d 608, 611 [2002], *lv denied* 98 NY2d 674 [2002]).

Similarly unavailing is defendant's contention that it was unlawful for police to conduct a warrantless search of his apartment three days after the shooting because defendant did not give his consent and the record does not identify the person who allegedly gave written consent for the search. This issue, however, is unpreserved for our review because defendant did not raise it in his omnibus motion or request a *Mapp* hearing (*see People v Smith*, 266 AD2d 639, 641 [1999], *lv denied* 94 NY2d 907 [2000]; *People v Samull*, 181 AD2d 946, 946 [1992],

*lv denied* 79 NY2d 1054 [1992]). Since, as a result, the consent form is not in the record and defendant's guilt was overwhelmingly established by eyewitness testimony, we decline to exercise our discretionary power to modify or reverse the judgment on this issue in the interest of justice (*see People v Green*, 101 AD2d 954, 955 [1984]).

To the extent that defendant suggests that his counsel was ineffective in failing to challenge his arrest and the search of his apartment, we cannot agree that such challenges could have been successful. As we have noted, the circumstances provided probable cause for the arrest and, even without the fruits of the search, the other proof of his guilt was overwhelming.

As to the sentence imposed, we note that it was permitted by the applicable statute and find no abuse of discretion or extraordinary circumstance which would warrant our modification of the sentence in the interest of justice (*see People v Vazquez*, 284 AD2d 730 [2001]; *People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]). We have reviewed defendant's remaining contentions, including his challenge to two eyewitnesses' identification testimony, and find them to be without merit.

Spain, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.