■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHRISTOPHER D. ARIOLA, Appellant, v GARY GREENE, as Superintendent of Great Meadow Correctional Facility, Respondent. [814 NYS2d 342]—

Appeal from a judgment of the Supreme Court (Berke, J.), entered August 17, 2005 in Washington County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Following his December 2002 convictions of attempted robbery in the third degree and manslaughter in the first degree, defendant was sentenced, respectively, to concurrent terms of 1 to 3 years and seven years in prison. The judgment of convic-

tion was thereafter affirmed by the Fourth Department (*People v Ariola*, 15 AD3d 882 [2005], *amended* 17 AD3d 1172 [2005]) and leave to appeal was denied by the Court of Appeals (*People v Ariola*, 5 NY3d 784 [2005]). Defendant's CPL 440.10 motion to vacate the judgment of conviction was dismissed. He then commenced this habeas corpus proceeding, which was denied by Supreme Court. This appeal ensued.

We affirm. In support of his application for habeas corpus relief, petitioner asserts that the provisions of CPL 730.40 were not followed during the proceedings leading to his conviction. However, inasmuch as petitioner raised this claim in his direct appeal and CPL 440.10 motion, it is not the proper subject of this habeas corpus proceeding (*see People ex rel. Tunstall v Miller*, 24 AD3d 921 [2005], *lv denied* 6 NY3d 710 [2006]; *People ex rel. Parsons v Walsh*, 21 AD3d 1169 [2005], *lv denied* 6 NY3d 702 [2005]). His other arguments likewise were, or could have been, raised in these forums. In any event, even if we were to consider his claims and conclude that they had merit, habeas corpus relief is unavailable as petitioner would not be entitled to immediate release from prison (*see People ex rel. Tunstall v Miller, supra*).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.