**13** The People of the State of New York ex rel. Trevis L. Funches, Appellant, v James J. Walsh, as Superintendent of Sullivan Correctional Facility, et al., Respondents. [851 NYS2d 666]—Mercure, J.P. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered January 30, 2007 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 2002, petitioner was convicted of two counts of robbery in the first degree, two counts of robbery in the second degree and criminal possession of a weapon in the second and third degrees and was sentenced, as a persistent violent felony offender, to an aggregate prison term of 21 years to life. His conviction and the denial of his subsequent CPL 440.10 motion were affirmed by the First Department (*People v Funches*, 4 AD3d 206 [2004], *lv denied* 3 NY3d 640 [2004]). His application for a writ of error coram nobis was also denied (*People v Funches*, 13 AD3d 1234 [2004], *lv denied* 4 NY3d 798 [2005]), as was his federal application for a writ of habeas corpus (*Funches v Walsh*, 2006 WL 1063287, 2006 US Dist LEXIS 22103 [SD NY 2006]). Petitioner commenced this CPLR article 70 proceeding seeking a writ of habeas corpus based upon alleged errors before the grand jury and at trial. Supreme Court, finding that these issues were raised or could have been raised on direct appeal, dismissed the petition. Petitioner now appeals.

We affirm. An application for a writ of habeas corpus is not the appropriate vehicle for claims which could have been raised on direct appeal or in a collateral motion (*see People ex rel. Flax v Donelli*, 43 AD3d 1259, 1260 [2007], *lv dismissed* 9 NY3d 1029 [2008]; *People ex rel. Washington v Walsh*, 43 AD3d 1217, 1217 [2007], *lv denied* 9 NY3d 816 [2007]; *People ex rel. Wright v Miller*, 16 AD3d 746, 746 [2005], *lv denied* 5 NY3d 703 [2005]). Inasmuch as a review of the petition reveals that the issues asserted herein were or could have been so raised, Supreme Court properly dismissed the petition. In any event, because none of petitioner's contentions, even if meritorious, would entitle him to be immediately released from prison, habeas corpus relief is not available (*see People ex rel. Washington v Walsh*, 43 AD3d at 1217; *People ex rel. Ariola v Greene*, 28 AD3d 1038, 1039 [2006], *lv denied* 7 NY3d 706 [2006]).

Peters, Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.