THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY PURDIE, Appellant. [855 NYS2d 445]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 1, 2006, convicting defendant, after a jury trial, of burglary in the second degree and criminal trespass in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. The circumstances of the showup identification, made in close proximity to the time and place of the crime and as part of an unbroken chain of events, were not unduly suggestive (*see People v Brisco*, 99 NY2d 596 [2003]; *People v Gatling*, 38 AD3d 239, 240 [2007], *lv denied* 9 NY3d 865 [2007]). Defendant's argument that the use of a showup was rendered improper by the fact that the police already had probable cause to arrest is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see People v Duuvon*, 77 NY2d 541, 545 [1991]; *People v Santiago*, 235 AD2d 229 [1997], *lv denied* 89 NY2d 1040 [1997]).

The court's jury instruction on the permissible inference arising from recent, exclusive possession of stolen property in the absence of a "believable innocent explanation" correctly stated the law (*see People v Galbo*, 218 NY 283, 290 [1916]), and the court properly denied defendant's request that it omit the word

"believable." Defendant's unelaborated request did not preserve his present claim that the use of that word shifted the burden of proof. Furthermore, to the extent defendant is arguing that when the court repeated this instruction in response to a note from the deliberating jury it was obligated to accompany it with a reminder as to the burden of proof, that claim is likewise unpreserved. We decline to review these latter claims in the interest of justice. As an alternative holding, we also reject them on the merits. Neither the main nor the supplemental charge could have given the jury the impression that it was defendant's burden to establish a believable innocent explanation (*see Barnes v United States*, 412 US 837, 846-847 [1973]; *People v Moro*, 23 NY2d 496, 501-502 [1969]). Concur—Tom, J.P., Saxe, Nardelli and Williams, JJ.