THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CHEATOM, Appellant. [871 NYS2d 529]—

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]) and criminal mischief in the fourth degree (§ 145.00 [1]). We reject the contention of defendant that County Court erred in refusing to suppress his statements to the police. With respect to the first statement, we conclude that the court properly determined that defendant was not in custody when the statement was made and thus that no *Miranda* warnings were required. It is well settled that "[t]he standard for assessing a suspect's custodial status is whether a reasonable person innocent of any wrongdoing would believe that he or she was not free to leave" (*People v Paulman*, 5 NY3d 122, 129 [2005]; *see People v Harris*, 48 NY2d 208, 215 [1979]; *People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]), and we conclude that a reasonable person in defendant's circumstances who was innocent of any wrongdoing would have felt free to leave (*see generally People v Hardy*, 223 AD2d 839, 840 [1996]). With respect to the second statement, we conclude that the record supports the court's determination that defendant spontaneously made that statement, i.e., it was not "the product of 'express questioning or its functional equivalent' " (*People v Bryant*, 59 NY2d 786, 788 [1983], *rearg dismissed* 65 NY2d 638 [1985], quoting *Rhode Island v Innis*, 446 US 291, 300-301 [1980]), and thus *Miranda* warnings also were not required with respect to that statement.

Contrary to the further contention of defendant, the evidence is legally sufficient to support the conviction of criminal mischief inasmuch as the People established that he "[i]ntentionally damage[d] property of another person" (Penal Law § 145.00 [1];

see *People v Baroody*, 221 AD2d 980 [1995], *lv denied* 87 NY2d 970 [1996]). " 'Property is that of another person, for purposes of [Penal Law article 145], if anyone, other than the defendant, has a possessory or proprietary interest in such tangible property. Actual legal title need not be in such other person' " (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 145.00). Here, the People presented evidence from which the jury could infer that someone other than defendant had a proprietary or possessory interest in the property at issue.

We reject the contention of defendant that the court erred in denying his request for a waiver of the mandatory surcharge. "Although the court erred in determining that it lacked authority pursuant to CPL 420.40 (2) to [waive] the mandatory surcharge, we nevertheless conclude that defendant offered 'no credible and verifiable information establishing that the surcharge would work an unreasonable hardship on defendant over and above the ordinary hardship suffered by other indigent inmates' " (*People v Kistner*, 291 AD2d 856 [2002]). Defendant failed to preserve for our review his contention concerning the jury instruction on recent, exclusive possession of the fruits of a crime (*see People v Purdie*, 50 AD3d 347 [2008], *lv denied* 10 NY3d 963 [2008]; *see generally People v Nunez*, 51 AD3d 1398, 1400 [2008], *lv denied* 11 NY3d 792 [2008]; *People v Wiley*, 50 AD3d 1546 [2008], *lv denied* 10 NY3d 965 [2008]). In any event, that contention lacks merit because "[t]he court's jury instruction on the permissible inference arising from recent, exclusive possession of stolen property in the absence of a 'believable innocent explanation' correctly stated the law" (*Purdie*, 50 AD3d at 347).

Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Fahey and Pine, JJ.