◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALVIN FULTON JR., Appellant, v WILLIAM LAPE, as Superintendent of Coxsackie Correctional Facility, Respondent. [876 NYS2d 665]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered August 26, 2008 in Greene County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner, who is serving a 25-year prison term following his 2002 conviction of course of sexual conduct against a child in the first degree (*People v Fulton*, 13 AD3d 1217 [2004], *lv denied* 4 NY3d 830 [2005]), commenced this CPLR article 70 proceeding seeking a writ of habeas corpus contending, among other things, that the trial court lacked subject matter jurisdiction and he was denied the effective assistance of counsel. Habeas corpus relief does not lie where, as here, the arguments advanced could have been raised either upon a direct appeal from the judgment of conviction or in the context of a CPL article 440 motion (*see People ex rel. Woodard v Lape*, 58 AD3d 903, 904 [2009]; *People ex rel. Malik v State of New York*, 58

AD3d 1042, 1043 [2009])—even though one of the contentions raised is jurisdictional in nature (see People ex rel. Moore v Connolly, 56 AD3d 847, 848 [2008], lv denied 12 NY3d 701 [2009]). As our review of the record reveals no extraordinary circumstances that would warrant a departure from traditional orderly procedure, Supreme Court's judgment is affirmed (see People ex rel. Moore v Connolly, 56 AD3d at 848; People ex rel. Hunter v Buffardi, 15 AD3d 736 [2005]).

Cardona, P.J., Peters, Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.