■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SHAWN I. LAINFIESTA, Appellant, v WILLIAM R. LAPE, as Superintendent of Coxsackie Correctional Facility, et al., Respondents. [922 NYS2d 591]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 13, 2008 in Greene County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1995, petitioner was convicted of murder in the second degree and criminal possession of a weapon in the second degree for which he was sentenced, respectively, to concurrent prison terms of 25 years to life and 5 to 15 years. His conviction was later affirmed on appeal (*People v Lainfiesta*, 257 AD2d 412 [1999], *lv denied* 93 NY2d 926 [1999]). Petitioner then brought an application for a writ habeas corpus in federal court asserting that his conviction should be overturned because he was denied his constitutional right to counsel. The Second Circuit Court of Appeals ultimately denied the application upon finding the constitutional error to be harmless (*Lainfiesta v Artuz*, 253 F3d 151 [2001], *cert denied* 535 US 1019 [2002]). Petitioner now brings the instant application for a writ of habeas corpus contending that he is being wrongfully detained because the Second Circuit Court of Appeals incorrectly decided his application. Supreme Court denied the petition without a hearing and petitioner now appeals.

It is well settled that habeas corpus relief is not an appropriate remedy for resolving claims that could have been or that were raised on direct appeal or in a postconviction motion (*see People ex rel. Velez v Artus*, 49 AD3d 1109, 1110 [2008], *lv denied* 10 NY3d 716 [2008]; *People ex rel. Funches v Walsh*, 48 AD3d 849, 849 [2008], *lv denied* 10 NY3d 707 [2008]). Here, petitioner's constitutional claim was raised on direct appeal where it was rejected by the First Department (*People v Lainfiesta*, 257 AD2d at 413-415). It was also asserted in petitioner's federal habeas corpus application where it was not found to be a basis for granting petitioner the relief requested (*Lainfiesta v Artuz*, 253 F3d at 157-158). In view of the foregoing, habeas corpus relief is unavailable and we find no extraordinary circumstances warranting a departure from traditional orderly procedure (*see People ex rel. Jackson v Rock*, 67 AD3d 1080 [2009], *lv denied* 14 NY3d 704 [2010]; *People ex rel. Brown v Artus*, 64 AD3d 1064, 1064 [2009], *lv denied* 13 NY3d 709 [2009]). Therefore, the judgment is affirmed.

Peters, J.P., Rose, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.