■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICARDO ROSADO, Appellant, v DAVID NAPOLI, as Superintendent of Southport Correctional Facility, Respondent. [920 NYS2d 922]—

Appeal from a judgment of the Supreme Court (Fitzgerald, J.), entered April 19, 2010 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In January 2006, petitioner was convicted of two counts of sodomy in the first degree (*see* Penal Law former § 130.50 [1]) and was sentenced as a second felony offender to 20 years in prison followed by five years of postrelease supervision on each count, to be served consecutively. Petitioner's conviction and sentences were affirmed on appeal (*People v Rosado*, 56 AD3d 1215 [2008]). Thereafter, petitioner commenced this CPLR article 70 proceeding, contending that his due process rights and right to be free from ex post facto laws had been violated and that he received ineffective assistance from appellate counsel. Following respondent's return, Supreme Court denied the petition without a hearing and petitioner now appeals.

We affirm. Despite the fact that petitioner raises claims that are jurisdictional in nature because they challenge the validity of the felony complaint, habeas corpus relief is unavailable as petitioner could have raised these claims in his direct appeal or CPL article 440 motions (*see People ex rel. Rivas v Walsh*, 69 AD3d 1236, 1236 [2010], *lv denied* 14 NY3d 712 [2010]; *People ex rel. Spaulding v Woods*, 63 AD3d 1456, 1457 [2009]). In any event, petitioner's arguments lack merit as the complaint was superseded by a valid grand jury indictment on which petitioner was prosecuted and found guilty (*see People ex rel. Van Steenburg v Wasser*, 69 AD3d 1135, 1136 [2010], *lv dismissed and denied* 14 NY3d 883 [2010]; *People v Black*, 270 AD2d 563, 564-565 [2000]). With regard to petitioner's contention that he

received the ineffective assistance of appellate counsel, a common-law coram nobis proceeding initiated in this Court is the proper vehicle to address that claim (*see People v Adams*, 51 AD3d 1136 [2008], *lv denied* 11 NY3d 784 [2008]; *People v Keebler*, 15 AD3d 724, 728 [2005], *lv denied* 4 NY3d 854 [2005]). Consequently, Supreme Court properly dismissed petitioner's application and we find no basis to depart from traditional orderly procedure (*see People ex rel. Franza v Walsh*, 76 AD3d 1160, 1160 [2010], *lv denied* 15 NY3d 716 [2010]).

Mercure, J.P., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.