■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIDNEY E. PURDIE, Appellant, v THOMAS LaVALLEY, as Superintendent of Clinton Correctional Facility, Respondent. [928 NYS2d 381]—

In 2006, petitioner was convicted of burglary in the second degree and criminal trespass in the second degree and he was sentenced to an aggregate prison term of 20 years to life. Petitioner's conviction was subsequently upheld on appeal (*People v Purdie*, 50 AD3d 347 [2008], *lv denied* 10 NY3d 963 [2008]). Petitioner also made several postconviction motions that were unsuccessful (*see e.g. People v Purdie*, 2010 NY Slip Op 80326[U] [2010]; *People v Purdie*, 2009 NY Slip Op 68414[U] [2009]; *People v Purdie*, 2007 NY Slip Op 82063[U] [2007]).

Thereafter, petitioner commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus. Supreme Court denied the petition without a hearing. Petitioner appeals.

We affirm. In support of his application, petitioner argues that the indictment was defective because it failed to set forth his name in the factual allegations, recited an incorrect date and was not executed by the foreperson of the grand jury. Inasmuch as these claims could have been raised on direct appeal or in petitioner's CPL article 440 motion, he is not entitled to habeas corpus relief (*see People ex rel. Cisson v Artus*, 78 AD3d 1392, 1392-1393 [2010]; *People ex rel. Jackson v Rock*, 67 AD3d 1080 [2009], *lv denied* 14 NY3d 704 [2010]; *People ex rel. Moore v Connolly*, 56 AD3d 847, 848 [2008], *lv denied* 12 NY3d 701 [2009]). We discern no reason, based upon the record before us, to depart from traditional orderly procedure (*see People ex rel. Jackson v Rock*, 67 AD3d at 1080; *People ex rel. Wright v Miller*, 16 AD3d 746 [2005], *lv denied* 5 NY3d 703 [2005]).

Mercure, J.P., Spain, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.