■ The People of the State of New York ex rel. David A. Burr, Appellant, v David Rock, as Superintendent of Upstate Correctional Facility, Respondent. [939 NYS2d 730]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered May 31, 2011 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner is currently serving a prison term of 25 years to life as a result of his conviction of the crimes of murder in the second degree and assault in the second degree. His conviction was affirmed on appeal (*People v Burr*, 124 AD2d 5 [1987], *affd* 70 NY2d 354 [1987], *cert denied* 485 US 989 [1988]). Petitioner commenced this CPLR article 70 proceeding seeking a writ of habeas corpus claiming that his arrest was unlawful. Supreme Court denied the application without a hearing and petitioner appeals.

We affirm. Habeas corpus relief is not an appropriate remedy for asserting claims that were or could have been raised on direct appeal or in a CPL article 440 motion, even if they are jurisdictional in nature (*see People ex rel. Lainfiesta v Lape*, 83 AD3d 1303, 1303 [2011], *lv denied* 17 NY3d 708 [2011]; *People ex rel. Chapman v LaClair*, 64 AD3d 1026, 1026 [2009], *lv denied* 13 NY3d 712 [2009]). CPL 440.10 (1) (a) specifically authorizes a motion to vacate a judgment upon the ground that the court

did not have jurisdiction of the defendant (*compare People ex rel. Johnson v Fischer*, 69 AD3d 1100, 1101 [2010], *lv denied* 14 NY3d 707 [2010]). Accordingly, we find no reason to depart from the traditional orderly procedure (*see People ex rel. Purdie v LaValley*, 86 AD3d 883, 884 [2011]; *People ex rel. Cisson v Artus*, 78 AD3d 1392, 1393 [2010]).

Peters, J.P., Spain, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.