■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALVIN FULTON, Appellant, v THOMAS LAVALLEY, as Superintendent of Clinton Correctional Facility, Respondent. [953 NYS2d 911]—

Appeal from a judgment of the Supreme Court (Muller, J.), entered November 3, 2011 in Clinton County, which, in a proceeding pursuant to CPLR article 70, granted respondent's motion to dismiss the petition.

Petitioner, who currently is serving a 25-year prison term pursuant to his 2002 conviction of course of sexual conduct against a child in the first degree (*People v Fulton*, 13 AD3d 1217 [2004], *lv denied* 4 NY3d 830 [2005]), commenced this CPLR article 70 proceeding seeking a writ of habeas corpus contending, as in a prior appeal before this Court (*see People ex rel. Fulton v Lape*, 61 AD3d 1227 [2009], *appeal dismissed* 13 NY3d 766 [2009], *cert denied* 559 US —, 130 S Ct 1291 [2010]), that, among other things, the trial court lacked subject matter jurisdiction over the matter. Respondent moved to dismiss the petition on various grounds and Supreme Court granted the motion, prompting this appeal.

---

We affirm. "Habeas corpus relief is not an appropriate remedy for asserting claims that were or could have been raised on direct appeal or in a CPL article 440 motion, even if they are jurisdictional in nature" (*People ex rel. Burr v Rock*, 93 AD3d 977, 977 [2012], *lv denied* 19 NY3d 806 [2012], *lv dismissed* 19 NY3d 1007 [2012] [citations omitted]; *see People ex rel. Lainfiesta v Lape*, 83 AD3d 1303, 1303 [2011], *lv denied* 17 NY3d 708 [2011]; *People ex rel. Fulton v Lape*, 61 AD3d at 1227-1228). Under these circumstances, Supreme Court properly granted respondent's motion to dismiss. Mercure, J.P., Spain, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.