# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1262**
**KA 11-00210**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID MORRIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SETH T. MOLISANI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered August 31, 2010. The judgment convicted defendant, upon a nonjury verdict, of attempted assault in the third degree and attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) and attempted assault in the second degree (§§ 110.00, 120.05 [1]), arising from two separate incidents in which he choked his girlfriend to the point that she was rendered unconscious. Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We note in particular that the victim's breathing did not spontaneously resume after the second incident, i.e., with respect to the charge of attempted assault in the second degree, until after she was resuscitated. Thus, viewing the evidence with respect to that charge in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence that defendant choked the victim to the point of unconsciousness and continued choking her until she started to turn blue, while telling her that he was going to kill her, and that she did not begin breathing until after she was resuscitated, is legally sufficient to establish that he intended to cause serious physical injury to the victim. Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Contrary to defendant's further contention, County Court properly

refused to suppress the statement he made to the police while handcuffed and seated in a patrol vehicle, when he was in custody and before he received *Miranda* warnings.  The evidence at the *Huntley* hearing "supports the court's determination that defendant spontaneously made that statement [inasmuch as] it was not the product of express questioning or its functional equivalent" (*People v Cheatom*, 57 AD3d 1447, 1447, *lv denied* 12 NY3d 782 [internal quotation marks omitted]; *see People v Moss*, 89 AD3d 1526, 1527, *lv denied* 18 NY3d 885).

We note that there is a discrepancy between the sentencing minutes, in which the court directed that the indeterminate term of imprisonment imposed on the felony run consecutively to the definite sentence imposed on the misdemeanor, and the certificate of conviction, which directs that the sentences run concurrently.  The record does not reflect whether defendant was resentenced.  We need not modify the judgment with respect to the sentence or remit the matter for resentencing, however, because, as "the People correctly concede, . . . the court erred in directing that the definite sentence[] imposed on the misdemeanor count[] shall run consecutively to the indeterminate sentence imposed on the felony count (*see* Penal Law § 70.35)" (*People v Shorter*, 6 AD3d 1204, 1205-1206, *lv denied* 3 NY3d 648).  We therefore affirm the judgment, as reflected in the certificate of conviction, which directs that the definite sentence shall run concurrently with the indeterminate sentence (*see People v Leabo*, 84 NY2d 952, 953; *People v Newman*, 87 AD3d 1348, 1350, *lv denied* 18 NY3d 926).  Finally, the sentence is not unduly harsh or severe.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court