■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JERMAINE WILLIAMS, Appellant, v PATRICK GRIFFIN, as Superintendent of Sullivan Correctional Facility, et al., Respondents. [979 NYS2d 859]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered December 14, 2012 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In October 1996, petitioner was sentenced upon his conviction of murder in the second degree to 25 years to life in prison. His conviction was subsequently affirmed by this Court (*People v Williams*, 306 AD2d 763 [2003], *lv denied* 100 NY2d 625 [2003]). His CPL 440.10 motion was also denied. Thereafter, petitioner brought the instant proceeding for a writ of habeas corpus. Supreme Court denied the petition without a hearing and this appeal ensued.

We affirm. Initially, the proper procedural vehicle for raising a claim of ineffective appellate counsel is a motion for a writ of error coram nobis and, consequently, petitioner may not raise such a claim in the context of this proceeding (*see People v Bachert*, 69 NY2d 593, 598-600 [1987]; *People ex rel. Rosado v Napoli*, 83 AD3d 1347, 1347-1348 [2011], *lv denied* 17 NY3d 710 [2011]). Moreover, given that petitioner's remaining contentions could have been raised either on direct appeal or in a CPL article 440 motion, habeas corpus relief is not the appropriate remedy (*see People ex rel. Cato v Tedford*, 108 AD3d 988, 989 [2013], *lv denied* 22 NY3d 855 [2013]; *People ex rel. Fulton v LaValley*, 100 AD3d 1202, 1203 [2012]). In any event, habeas corpus relief is unavailable because, even if these contentions had merit, petitioner would not be entitled to immediate release from prison (*see People ex rel. Burr v Rock*, 100 AD3d 1175, 1175 [2012], *lv denied* 20 NY3d 858 [2013]; *People ex rel. Lewis v Graham*, 96 AD3d 1423 [2012], *lv denied* 19 NY3d 813 [2012]). Therefore, we find no reason to disturb Supreme Court's judgment.

Peters, P.J., McCarthy, Garry and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.