Appeal from a judgment of the Supreme Court (LaBuda, J.), entered December 14, 2012 in Sullivan County, which denied petitioner’s application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In October 1996, petitioner was sentenced upon his conviction of murder in the second degree to 25 years to life in prison. His conviction was subsequently affirmed by this Court (People v Williams, 306 AD2d 763 [2003], lv denied 100 NY2d 625 [2003]). His CPL 440.10 motion was also denied. Thereafter, petitioner brought the instant proceeding for a writ of habeas corpus. Supreme Court denied the petition without a hearing and this appeal ensued.
We affirm. Initially, the proper procedural vehicle for raising a claim of ineffective appellate counsel is a motion for a writ of error coram nobis and, consequently, petitioner may not raise such a claim in the context of this proceeding (see People v Bachert, 69 NY2d 593, 598-600 [1987]; People ex rel. Rosado v Napoli, 83 AD3d 1347, 1347-1348 [2011], lv denied 17 NY3d 710 [2011]). Moreover, given that petitioner’s remaining contentions could have been raised either on direct appeal or in a CPL article 440 motion, habeas corpus relief is not the appropriate remedy (see People ex rel. Cato v Tedford, 108 AD3d 988, 989 [2013], lv denied 22 NY3d 855 [2013]; People ex rel. Fulton v LaValley, 100 AD3d 1202, 1203 [2012]). In any event, habeas corpus relief is unavailable because, even if these contentions had merit, petitioner would not be entitled to immediate release from prison (see People ex rel. Burr v Rock, 100 AD3d 1175, 1175 [2012], lv denied 20 NY3d 858 [2013]; People ex rel. Lewis v Graham, 96 AD3d 1423 [2012], lv denied 19 NY3d 813 [2012]). Therefore, we find no reason to disturb Supreme Court’s judgment.
Peters, PJ., McCarthy, Garry and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.