# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

819

KA 14-01736

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

RANDOLPH HARRIS, DEFENDANT-APPELLANT.
(APPEAL NO. 4.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), entered July 2, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentence shall run concurrently with the sentences imposed for the violation of probation convictions under indictment Nos. 2013-01024I and 2013-1025I and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of falsely reporting an incident in the third degree (Penal Law § 240.50 [3] [a]). In appeal No. 2, defendant appeals from a judgment revoking his sentence of probation imposed upon his conviction, following his plea of guilty, of criminal contempt in the second degree (§ 215.50 [3]), and sentencing him to a term of imprisonment. In appeal No. 3, defendant appeals from a judgment revoking his sentence of probation imposed upon his conviction, following his plea of guilty, of criminal contempt in the second degree (§ 215.50 [3]), and sentencing him to a term of imprisonment. In appeal No. 4, defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (§ 215.51 [c]). Defendant pleaded guilty to the respective crimes and violations of probation in one plea proceeding.

Inasmuch as defendant has completed serving the sentences imposed in appeal Nos. 1 through 3, his contention in each appeal that the sentence is unduly harsh and severe has been rendered moot (*see People v Anderson*, 66 AD3d 1431, 1431, *lv denied* 13 NY3d 905).

We reject defendant's contention in appeal No. 4 that his waiver of the right to appeal is invalid. Supreme Court advised defendant of the maximum sentences that could be imposed on each conviction (*see People v Lococo*, 92 NY2d 825, 827), and the record, which includes an oral and written waiver of the right to appeal, establishes that defendant understood that he was waiving his right to appeal both the conviction and the sentence in each appeal. We thus conclude that the waiver of the right to appeal was knowing, intelligent, and voluntary (*see People v Lopez*, 6 NY3d 248, 256), and that valid waiver encompasses defendant's contention concerning the severity of the sentence imposed in appeal No. 4 (*see id.* at 256).

Nonetheless, we conclude that the court erred in directing that the definite sentences imposed in appeal Nos. 2 and 3 run consecutively to the 2 to 4 year indeterminate sentence imposed in appeal No. 4 (*see* Penal Law § 70.35; *People v Morris*, 101 AD3d 1631, 1632, *lv denied* 21 NY3d 1007, *reconsideration denied* 21 NY3d 1075). "Although this issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand" (*People v Price*, 140 AD2d 927, 928). We therefore modify the judgment in appeal No. 4 by directing that the indeterminate sentence imposed therein shall run concurrently with the definite sentences imposed in appeal Nos. 2 and 3.

Entered: February 3, 2017

Frances E. Cafarell
Clerk of the Court