People, ex rel. DeFreitas v Callado (2019 NY Slip Op 04073)





People v Callado


2019 NY Slip Op 04073


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

527771

[*1]THE PEOPLE OF THE STATE OF NEW YORK ex rel. MIGUEL DeFREITAS, Appellant,
v
JAIFA CALLADO, as Superintendent of Shawangunk Correctional Facility, Respondent.

Calendar Date: April 19, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Rumsey, JJ.


Miguel DeFreitas, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Cahill, J.), entered October 3, 2018 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner was convicted in 1992 of, among other crimes, attempted murder in the first degree and two counts of robbery in the first degree, for which he is serving an aggregate prison term of 52&frac13; years to life in prison, and his convictions were affirmed on his direct appeal (People v DeFreitas, 213 AD2d 96 [1995], lv denied 86 NY2d 872 [1995]). In 2018, petitioner commenced this CPLR article 70 proceeding seeking a writ of habeas corpus contending, among other things, that the indictment under which he was convicted was defective due to improper joinder of charges under repealed statutory provisions. Supreme Court dismissed the petition, and this appeal ensued.
It is well settled that "habeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion" (People ex rel. McCray v LaClair, 161 AD3d 1490, 1491 [2018] [internal quotation marks, brackets and citation omitted], lv dismissed and denied 32 NY2d 1143 [2019]; see People ex rel. Nailor v Kirkpatrick, 156 AD3d 1100, 1100 [2017]). Petitioner's contentions with regard to improper joinder and the validity of the indictment concern matters that could have been raised on direct appeal, but were admittedly not so raised and, thus, habeas corpus relief is not available (see People v LaValley, 102 AD3d 1038, 1039 [2013]). To the extent that petitioner argues that appellate counsel was ineffective for failing to raise this challenge on his direct appeal, an application for a writ of error coram nobis is the appropriate vehicle by which to raise such a claim (see People ex rel. Williams v Griffin, 114 AD3d 976, 976 [2014]), an avenue that he has pursued, unsuccessfully, four times (People v DeFreitas, 262 AD2d 499 [1999]; People v [*2]DeFreitas, 60 AD3d 1080 [2009], lv denied 12 NY3d 914 [2009]; People v DeFreitas, 95 AD3d 902 [2012], lv denied 19 NY3d 1025 [2012]; People v DeFreitas, 156 AD3d 718 [2017], lv denied 30 NY3d 1115 [2018]).
Notably, petitioner raised similar claims in a prior motion to vacate the judgment of conviction pursuant to CPL article 440, which was denied in 2011 on the ground that the claims are based on matters in the record and could have been raised on direct appeal (see CPL 440.10 [2] [c]; People v Cuadrado, 9 NY3d 362, 364-365 [2007]; People ex rel. Chapman v LaClair, 64 AD3d 1026, 1026 [2009], lv denied 13 NY3d 712 [2009])[FN1]. In any event, inasmuch as none of the grounds asserted by petitioner would entitle him to immediate release from custody, habeas corpus relief is inappropriate (see People ex rel. Kaplan v Commissioner of Correction of City of N.Y., 60 NY2d 648, 649 [1983]; People ex rel. Rodriguez v Miller, 150 AD3d 1500, 1500-1501 [2017]). Accordingly, Supreme Court properly dismissed the petition (see CPLR 7803 [a]).[FN2]
Garry, P.J., Egan Jr., Clark, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioner's request for permission to appeal from the order denying his motion pursuant to CPL article 440 was reportedly denied on July 8, 2011.

Footnote 2: To the extent that Supreme Court indicated that the dismissal was "without prejudice to renewal as a CPL 440.[10] motion," any such motion would be subject to the restrictions in CPL article 440.