People ex rel. Jones v Collado (2019 NY Slip Op 09076)





People ex rel. Jones v Collado


2019 NY Slip Op 09076


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528773

[*1]The People of the State of New York ex rel. Andrew Jones, Appellant,
v
Jaifa Collado, as Superintendent of Shawangunk Correctional Facility, Respondent.

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


Andrew Jones, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered October 4, 2018 in Ulster County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPL article 70, without a hearing.
Petitioner was convicted in 1999 of, among other things, criminal sale of a controlled substance in the third degree and was sentenced to a prison term of 6 to 12 years; upon appeal, his conviction was affirmed by the Second Department (People v James, 19 AD3d 615 [2005], lv denied 5 NY3d 807 [2005]).[FN1] Thereafter, in 2003, petitioner was convicted of murder in the second degree and was sentenced to a prison term of 23 years to life; that conviction also was affirmed by the Second Department (People v James, 19 AD3d 616 [2005], lv denied 5 NY3d 807 [2005]).[FN2] As a result, petitioner presently is serving an aggregate prison term of 29 years to life. In 2018, petitioner commenced this habeas corpus proceeding seeking immediate release and contending that his murder conviction was obtained in violation of the Double Jeopardy Clause. Supreme Court denied petitioner's application without a hearing, and this appeal ensued.
We affirm. "It is well settled that habeas corpus is not the appropriate remedy for raising claims that could have been raised on direct appeal or in the context of a CPL article 440 motion" (People ex rel. DeFreitas v Callado, 172 AD3d 1811, 1811 [2019] [internal quotation marks and citations omitted]; see People ex rel. Garcia v Smith, 173 AD3d 1570, 1571 [2019]; People ex rel. D'Amico v Lilley, 153 AD3d 1493, 1494 [2017]). Petitioner's double jeopardy claim could have been raised upon his direct appeal from the relevant judgment of conviction (see People ex rel. Latta v Martuscello, 140 AD3d 1421, 1421 [2016], lv denied 28 NY3d 904 [2016]; People ex rel. Warren v Artus, 17 AD3d 896, 896-897 [2005], lv denied 5 NY3d 705 [2005]; People ex rel. Jackson v McGinnis, 251 AD2d 731, 731 [1998], appeal dismissed and lv denied 92 NY2d 913 [1998]) — a fact that he readily acknowledges. To the extent that petitioner argues that the failure to do so was occasioned by the ineffective assistance of appellate counsel, his remedy for this alleged omission was an application for a writ of error coram nobis (see People ex rel. DeFreitas v Callado, 172 AD3d at 1812; People ex rel. Williams v Griffin, 114 AD3d 976, 976 [2014]; People ex rel. Rosado v Napoli, 83 AD3d 1347, 1347-1348 [2011], lv denied 17 NY3d 710 [2011]) — an avenue that he has now pursued three times (and without success) in the Second Department (People v James, 156 AD3d 724 [2017], lv denied 31 NY3d 1014 [2018]; People v James, 90 AD3d 782 [2011], lv denied 18 NY3d 958 [2012]; People v James, 36 AD3d 630 [2007], lv denied 8 NY3d 986 [2007]). As we discern no basis upon which to depart from traditional orderly procedure, we find that Supreme Court properly denied petitioner's application (see People ex rel. McCray v LaClair, 161 AD3d 1490, 1491 [2018], lv dismissed and denied 32 NY3d 1143 [2019]; People ex rel. Nailor v Kirkpatrick, 156 AD3d 1100, 1100 [2017]).
Garry, P.J., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioner is also known as Andrew James (People v Jones, 136 AD3d 1153, 1153 n 1 [2016], lv dismissed 27 NY3d 1000 [2016]).

Footnote 2: In the interim, petitioner was convicted of assault in the second degree and was sentenced to a prison term of seven years. Upon appeal, this Court reversed the judgment of conviction and remitted the matter for further proceedings (People v Jones, 136 AD3d 1153 [2016], supra). Petitioner then pleaded guilty to assault in the second degree and was sentenced to a prison term of five years — said term to run concurrently with the sentence imposed upon his murder conviction. Upon petitioner's subsequent appeal, this Court vacated the plea and remitted the matter for further proceedings, finding that petitioner was denied the effective assistance of counsel (People v Jones, 171 AD3d 1249 [2019], lv denied 33 NY3d 1070 [2019]).