People ex rel. Lyon v Thoms (2020 NY Slip Op 06923)





People ex rel. Lyon v Thoms


2020 NY Slip Op 06923


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1082 KAH 19-01293

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. RICHARD B. LYON, PETITIONER-APPELLANT,
v
MATTHEW THOMS, SUPERINTENDENT, FIVE POINTS CORRECTIONAL FACILITY AND ANTHONY J. ANNUCCI, COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. 






CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Seneca County (Daniel J. Doyle, J.), entered January 22, 2019 in a habeas corpus proceeding. The judgment, inter alia, denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus, claiming that he was denied effective assistance of counsel on his direct appeal due to appellate counsel's conflict of interest. He now appeals from a judgment that, inter alia, denied the petition. We affirm. Regardless of petitioner's contention that he could not have raised that claim on his direct appeal precisely because he was denied effective assistance of appellate counsel, a proceeding for a writ of habeas corpus is not the appropriate proceeding in which to raise such a claim inasmuch as the remedy for ineffective assistance of appellate counsel is a new appeal, not immediate release from custody (see People ex rel. Smith v Burge, 11 AD3d 907, 908 [4th Dept 2004], lv denied 4 NY3d 701 [2004]; People ex rel. Rivera v Smith, 244 AD2d 944, 944 [4th Dept 1997], lv denied 91 NY2d 808 [1998]). Petitioner's claim is properly the subject of a motion for a writ of error coram nobis (see People ex rel. Williams v Sheahan, 145 AD3d 1517, 1518 [4th Dept 2016], lv denied 29 NY3d 908 [2017]; People ex rel. Williams v Griffin, 114 AD3d 976, 976 [3d Dept 2014]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court